[No. 3,875.]

LEONARD L. TREADWELL AND GEORGE R. CAR-
TER v. WILLIAM HOLLOWAY, GREM HANNA,
AND JAMES HANNA.

DISCHARGE UNDER BANKRUPT ACT.—Under the Bankrupt Act of the
United States, a discharge cannot be obtained from a debt created while
acting in a fiduciary character.

CREATING DEBT IN A FIDUCIARY CHARACTER.—One who receives goods
consigned to him on commission to be sold, and the proceeds, less commis-
sions, to be transmitted to the consignor, if he sells the goods and fails to
transmit the money, creates a debt in a fiduciary capacity.

APPEAL from the District Court of the Third Judicial
District, County of Santa Clara.

The plaintiffs, doing business at San Francisco, consigned
to the defendants at Gilroy, certain agricultural implements,
to be sold for a sum not less than five thousand one hundred
and fifty-four dollars and forty-six cents, which was to be
transmitted to the plaintiffs—the defendants to retain, as
commissions, any sum realized over and above that amount.
The [defendants sold the goods, and, failing to pay over
the money, this action was brought to recover the amount,
less five hundred and fifty-seven dollars and eighty cents.
At the trial it was agreed that prior to the commencement
of the action the plaintiffs had filed a petition against the
defendants as bankrupts, in the District Court of the United
States, and that they had received a dividend of eleven per
cent on their claim, which exhausted the estate; that the
defendants had been adjudicated bankrupts more than a
year prior to the trial, and had received no discharge, and
that the amount sued for is correct, reserving the question of
interest and the effect of the proceedings in bankruptcy.

Judgment was rendered for the defendants, and the plain-
tiffs appealed.

*William Matthews,* for Appellants.

The debt "was created by fraud," "had its root and origin in fraud," and therefore the bankrupt's discharge was no bar to the action. (Bankrupt Act, 1867, Sec. 33; Bump on Bankruptcy, 456; *In Re Kimball,* 6 Blatchford, 292; *Lemcke* v. *Booth,* 47 Mo. 386; *In Re Patterson,* 2 Benedict, 155.)

*Doyle & Barber,* for Respondents.

The decisions on this question are by no means uniform, and, as the Supreme Court of the United States has not yet decided the point, it can hardly be said to be settled by any absolute authority. An able opinion, in the case of *Cronan* v. *Cutting,* 104 Mass. R. 245, holds that such a case is not within the meaning of the terms " acting in any fiduciary character," in the thirty-third section of the Bankrupt Act. It is difficult to see why the language of the bankrupt law of 1841, section nine, "while acting in any other fiduciary capacity," is not quite as sweeping and comprehensive as that just cited. Yet it was held, under that Act, that a debt due for the proceeds of consigned goods was barred by the bankrupt's discharge. (*Hayman* v. *Pond,* 7 Metc. 328; *Chapman* v. *Forsyth,* 2 How., U. S., 202; *Commonwealth* v. *Stearns,* 2 Metc. 343; *Duguid* v. *Edwards,* 32 How. P. R. 255.)

By the COURT:

The question made by counsel as to whether, upon the facts appearing, the debt from the defendants to the plaintiffs " was created by fraud " need not be considered. Whether originating in fraud or not, it is clear that it rusulted from transactions of a fiduciary character. The thirty-third section of the Bankrupt Act provides that no

debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character, shall be discharged under its provisions.

Judgment reversed and cause remanded, with directions to render judgment for the plaintiffs according to the stipulation.