[L. A. No. 402. Department One.—August 2, 1898.]

E. L. MAYBERRY, Respondent, v. J. E. COOK et al., Appellants.

ACCOUNT STATED—IMPLIED AGREEMENT.—The agreement between the parties to an account stated, that all the items therein are true, need not be express, but may be implied from circumstances, such as the sending of the account from one to the other, who makes no objection thereto within a reasonable time.

ID.—ACCOUNT BETWEEN COMMISSION MERCHANTS AND CONSIGNORS—STATUTE OF LIMITATIONS.—Where the date of an account rendered between commission merchants and a consignor of merchandise to them, and of the last item on either side in the open account between them, was less than two years before the commencement of the action, no part of the account is barred by the statute of limitations, whether the account be deemed stated or open.

ID.—DISCHARGE IN INSOLVENCY—FIDUCIARY CAPACITY.—Commission merchants who receive goods consigned to them on commission to be sold, and the proceeds, less commission, to be transmitted to the consignor, and who sell the goods and fail to transmit the money, create a debt in a fiduciary capacity, which is not barred by their discharge in insolvency; and the statement of the account between the parties does not so change the fiduciary quality or character of the indebtedness as to take it out of the exception declared in the Insolvent Act.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Lucien Shaw, Judge.

The facts are stated in the opinion.

W. H. Davis, Hanna & Davis, G. B. McCutchen, and W. R. Bacon, for Appellants.

Anderson & Anderson, for Respondents.

HAYNES, C.—The defendants appeal from the judgment and from an order denying their motion for a new trial. The action was tried by the court without a jury.

The complaint alleged that the defendants were copartners doing business as factors and commission merchants at the city of Los Angeles; that plaintiff from time to time consigned to defendants oranges belonging to him, to be sold by defend-

ants as factors and commission merchants, on account of the plaintiff, and that on September 7, 1893, an account was stated between plaintiff and defendants, upon which there was found to be due to the plaintiff from the defendants a balance of thirteen hundred dollars and eighteen cents on account of said sales of plaintiff's oranges so consigned by plaintiff to defendants and by them sold as plaintiff's factors and commission merchants; that defendants agreed to pay said balance, but have not paid the same or any part thereof.

The defendants answered separately and specifically denied each of the allegations of the complaint, and pleaded that the action was barred by each of the sections 339 and 344 of the Code of Civil Procedure. Defendant Langley also pleaded that defendants had been adjudged insolvent debtors after plaintiff's cause of action arose, and that his claim was provable in said proceedings, and was included in the schedule of their liabilities; and defendant Cook pleaded his final discharge in said insolvency proceedings, in which discharge was excepted such debts, if any, as are by said insolvent laws excepted from the operation of a discharge in insolvency.

The court found that all the allegations of the complaint are true, that his cause of action was not barred by either of said sections, that said defendants had been adjudged insolvent debtors in a proceeding commenced since plaintiff's cause of action accrued, that Cook had been duly discharged, and the proceedings therein were still pending as to Langley; that plaintiff's claim was included in the schedule of liabilities and was provable against defendants in insolvency.

As conclusions of law, the court found that the debt or liability set out in the complaint arose while defendants were acting in a fiduciary capacity, and was not affected by said proceedings in insolvency, nor barred by the discharge granted to Cook, and that plaintiff is entitled to judgment.

1. Appellants' first point is that "the account sued on is not a stated account." A copy of the account is set out in the statement, giving the items of debits and credits, the first item being May 11, 1893, and the last September 7, 1893, and showing a balance due plaintiff of thirteen hundred dollars and eighteen cents. No express acknowledgment of the correctness

of the account was made by the plaintiff, nor did he make any objection to it at any time.

It is contended by appellants. that "a stated account is an agreement, and an account does not become stated until that agreement is had," and that, "the evidence affirmatively shows that there was no agreement whatever"; and counsel quote from *Auzerais v. Naglee*, 74 Cal. 60, as follows: "A stated account is an agreement between the parties thereto that all the items therein are true." No one questions that proposition; but counsel seem to understand that an actual, express agreement is necessary. The above quotation was evidently taken from the syllabus. If counsel had turned to the opinion of the court, they would have seen that those words constituted but part of a sentence, the remainder of which is as follows: "But this agreement may be implied from circumstances, as where merchants reside in different places, and one sends an account to the other, who makes no objection to it within a reasonable time."

That this is the well-settled rule there can be no question. (See *Terry v. Sickles*, 13 Cal. 427; *Hendy v. March*, 75 Cal. 566; 1 Story's Equity Jurisprudence, sec. 526; 2 Greenleaf on Evidence, sec. 126.)

2. It is also contended that plaintiff's claim is barred by the statute of limitations. The last item in the account rendered by defendants is dated September 7, 1893, and this action was commenced September 3, 1895. The account could not have been stated earlier than September 7th, and therefore could not be barred. But, if it were treated as an open account, the evidence does not show that the last item charged against defendants became a charge before September 7th.

3. Appellant's third and last point is, that "the debt sued on did not arise while defendants were acting in a fiduciary capacity," and that therefore the discharge in insolvency is a defense.

Section 52 of the Insolvent Act of 1880 provides, among other things, that no debt created by a debtor while acting in a fiduciary character shall be discharged under that act, but the debt may be proved thereunder.

It is not disputed that the transactions involved in said account were had and made by the defendants as factors and com-

mission merchants for the plaintiff, but it is said that in these
transactions the defendants were not acting in a fiduciary char-
acter within the meaning of the Insolvent Act as they received
a commission on sales; but that if it were otherwise the ac-
tion here is upon an account stated which is a new agreement,
based upon the balance assented to by the parties, and is not
upon the original transaction, and cite *Coffee v. Williams,* 103
Cal. 550, where it is said: "When an account stated is assented
to, either expressly or impliedly, it becomes a new contract, and
an action upon it is not founded upon the original items, but
upon the balance agreed to by the parties."

In *Treadwell v. Holloway,* 46 Cal. 547, it was held that "one
who receives goods consigned to him on commission to be sold,
and the proceeds, less commission, to be transmitted to the con-
signor, if he sells the goods and fails to transmit the money,
creates a debt in a fiduciary capacity." This decision construed
that clause of section 33 of the bankrupt act of 1867, which
reads, "or while acting in a fiduciary capacity," and is therefore
in point here. The same rule was expressed (*obiter*) in *Herrlich
v. McDonald,* 80 Cal. 482, citing *Treadwell v. Holloway, supra.*

It only remains to consider whether the statement of the ac-
count changed the quality or character of the indebtedness so
as to take it out of the exception declared in the Insolvent
Act.

That it changes the mode of pleading and proof is clear; but
that does not prevent an inquiry into the origin and character
of the indebtedness for the purpose of determining whether the
liability is barred or affected by the provisions of the Insolvent
Act. It was clearly the duty of the defendants to make out and
deliver to plaintiff a just and correct account of all these fidu-
ciary transactions, and it is clear that up to that time, at least,
their character was not changed. If it was changed at any time
it must have been by the implied agreement on the part of the
plaintiff that all its items were correct. Defendants still held in
their hands thirteen hundred dollars and eighteen cents of plain-
tiff's money which they had received from the sale of plaintiff's
property, and how their admission that they had that amount of
plaintiff's money in their hands, the account itself showing that
it was the proceeds of the sale of plaintiff's property, could strip

the transaction of its fiduciary character is beyond my comprehension. If defendants had made a mistake, or a willful error, in the account, so that the plaintiff could not accept it, and had brought his action for an accounting, or upon the open account, the fiduciary character of the transactions involved, it is conceded, would have remained; but according to appellant's theory that characteristic was eliminated by the simple process of rendering a true account—since as they say, "when an action is brought on an original account, a plea of an account stated will bar a recovery thereon." (Citing *Driggs v. Garretson*, 25 N. J. Eq. 178.) Counsel also cites *McClelland v. West*, 70 Pa. St. 183, to the proposition that: "The balance due on an account stated becomes the principal debt. It cannot be re-examined, or reopened, except for fraud or mistake, as set forth above, either to ascertain the items themselves or to inquire into their character." There was in that case, however, no question made as to the character of the transactions between the parties, or of any of the items in the account, so that remark can have no weight as authority upon the question before us. A direct authority against appellants' contention is *Dunbar v. Johnson*, 108 Mass. 519, cited by respondent. That action was upon an account stated. Upon the trial, the court, against plaintiff's objection, admitted evidence to show upon what transaction the account arose, and found that the plaintiff sold intoxicating liquors to the defendant in violation of law, and that the account stated was upon such sales, and was the balance due therefor. The plaintiff contended that said illegality did not affect the action upon an account stated, which stood upon a new consideration, to wit, the accounting together. The defendant had judgment, and upon appeal it was affirmed, Gray, J., writing the opinion, and citing several English cases.

The judgment and order appealed from should be affirmed.

Chipman, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

> Harrison, J., Van Fleet, J., Garoutte, J.