[Civ. No. 504.   Second Appellate District.—July 18, 1908.]

## STIMSON MILL COMPANY, a Corporation, Appellant, v. HUGHES MANUFACTURING COMPANY, a Corporation, Respondent.

ACTION FOR LUMBER SOLD AND ACCOUNT STATED—ISSUES—BID FOR SCHOOLHOUSES—DEFENDANT NOT RESPONSIBLE—SUPPORT OF FINDINGS—CONFLICTING EVIDENCE.—In an action for lumber sold and upon an account stated, where issues were joined upon all the allegations of the complaint, and the findings were in favor of the defendant upon all of the issues, and the evidence was conflicting as to whether the lumber was sold to a contractor under a bid for the erection of schoolhouses, and as to whether defendant agreed to become responsible and pay therefor, and the court accepted as true the statements of defendant's witnesses that no such agreement was made or responsibility assumed by the corporation defendant, the findings by the court are conclusive, and will not be disturbed upon appeal.

ID.—BASIS OF RULE AS TO ACCOUNT STATED—EXISTING LIABILITY ESSENTIAL—FINDING AGAINST LIABILITY.—The rule that, if an account is presented to a debtor, and he does not object to it within a reasonable time, his acquiescence will be taken as an admission that the account is truly stated, is based on the existing liability of a debtor to his creditor and on previous monetary transactions between them.   An account stated cannot be made the instrument to create a liability where none existed; and where the court found, upon sufficient evidence, that there was no monetary transaction between plaintiff and defendant, and no existing liability of defendant to plaintiff, defendant could not be charged with an account stated, even if an itemized account were presented against it.

ID.—ITEMIZED ACCOUNTS AGAINST PREVIOUS PARTNERSHIP—CORPORATION NOT CHARGEABLE.—Where the record shows that no account of any kind was rendered to the corporation defendant, and that itemized accounts were made out against a previous partnership formerly engaged in the same business, from which the corporation received part of its property, the corporation having been organized before the lumber was sold, the corporation cannot be charged with an account stated upon such itemized accounts, there being nothing to indicate that any claim or estoppel was being asserted against it.

ID.—OMISSION TO FIND UPON DELIVERY OF ITEMIZED ACCOUNTS TO CORPORATION—ABSENCE OF EVIDENCE.—A finding is not necessary upon an issue as to the delivery of the itemized account to the corpora-

tion defendant, and its retention of the same, where there is no evidence warranting such finding. The fact that itemized accounts against a copartnership were delivered at the office of the corporation, to its general manager, who was one of the previous partners, would not render it an account against the corporation or delivered thereto.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. G. A. Gibbs, Judge.

The facts are stated in the opinion of the court.

J. G. Scarborough, and Scarborough & Bowen, for Appellant.

George P. Adams, for Respondent.

ALLEN, P. J.—Appeal by plaintiff from a judgment in favor of defendant, and from an order denying a new trial.

The action is to recover for building material alleged to have been sold and delivered to defendant at an agreed price. It is alleged in the complaint that the material was delivered in lots on various dates between November 5, 1904, and January, 1905. That upon the delivery of each lot an itemized account was furnished defendant showing the amount and price, and that the same was sold by plaintiff to defendant. That at various dates after the final delivery an account was rendered by plaintiff to defendant, showing the transaction in detail, which defendant retained and never made objection thereto until May, 1905; and it is alleged that by reason thereof said account became stated and defendant had agreed and assented thereto and is accordingly indebted. Nonpayment is alleged. The second count in the complaint is for goods sold and delivered. An issue was raised by the answer as to each and all of the allegations of the complaint. The court found in favor of defendant upon all the issues.

It appears from the record that prior to September, 1903, Hughes Brothers were engaged in conducting a planing mill in Los Angeles; that about the date last mentioned the defendant corporation was organized and took over the business, one of the Hughes brothers remaining as general man-

ager of defendant, while the other brother became president. The evidence in relation to the transactions and the contract and agreement with reference to the delivery of the lumber is very conflicting, it being asserted by witnesses for plaintiff that there was an express contract on the part of Grant Hughes, the general manager of the defendant, to buy and pay for the lumber, and he agreed that it might be delivered to one Coffey, a contractor engaged in building certain school-houses; that before delivery Grant Hughes agreed for the defendant to pay for such lumber upon a representation to him by plaintiff that it would not deal with Coffey. Upon the other hand, defendant's witnesses testified that no such agreement or contract was made or entered into, and that defendant had no knowledge that plaintiff objected to selling to Coffey; that the only connection that Grant Hughes had with the transaction was in procuring Coffey's consent that plaintiff might bid on the furnishing of lumber, but that at no time was any agreement or arrangement made by which the defendant, or the Hughes brothers, ever agreed to become responsible for the material so delivered. The court accepted as true the statements of the defendant's witnesses, and upon this appeal the action of the court, under the well-established rule, will not be disturbed.

Appellant relies chiefly upon the proposition that the itemized account rendered Hughes Brothers, by reason of its retention for a long time without objection, makes a stated account; that this stated account became a new contract, and as none of its items were impeached by the answer the same became conclusive against defendant. The doctrine of *Terry* v. *Sickles*, 13 Cal. 427, is invoked, where it is said by the court: "If the account be sent to the debtor, and he does not object to it within a reasonable time, his acquiescence will be taken as an admission that the account is truly stated." This is approved in *Mayberry* v. *Cook*, 121 Cal. 590, [54 Pac. 95], and many other decisions cited. It will be observed, however, that in these, as in all cases where such a rule is applied, it is necessary that the relation of debtor and creditor should be shown to exist at some period. "An account stated must be founded on previous transactions of a monetary character. . . . It cannot be made the instrument to create a liability where none before existed, but only

determines the amount of a debt where liability exists. *Austin* v. *Wilson,* 33 N. Y. St. Rep. 503, [11 N. Y. Supp. 565]." (*Chase* v. *Chase,* 191 Mass. 556, [78 N. E. 115].) That no monetary transaction between plaintiff and defendant existed, in relation to the lumber in controversy previous to the sending of these statements, is found by the court. It should follow, then, that the itemized statements could not be made to create an indebtedness. This is true had the statements been received by the corporation defendant. The record shows that no account of any kind was rendered defendant, but, on the contrary, on their face the statements purported to state an indebtedness of Hughes Brothers, the firm formerly engaged in the business, and from whom the corporation acquired a part of its property.

We find nothing in the complaint or record amounting to a plea or proof of an estoppel. There is no claim that plaintiff was induced to deliver subsequent lots of lumber, relying upon former accounts rendered, retained and acquiesced in, but, upon the contrary, that each and every delivery was based upon an express contract to pay the value thereof, which contract, the court finds, did not exist. In addition, there is nothing in the account as rendered to call the defendant's attention to any claim against it. All the itemized bills appearing in the record were made out to Hughes Brothers for Coffey, or words of similar import. There was, therefore, nothing in this itemized account calling the attention of the corporation to the fact that any claim was being asserted against it. No reasons are suggested why any of the errors of law assigned as occurring at the trial should receive attention, except, perhaps, specification 4, which relates to the omission of the court to make a finding in relation to the delivery of the itemized account to defendant and its retention of the same. As we have before stated, we find no evidence of a delivery to the defendant corporation of any such account. The mere fact that it was delivered at the office of the corporation, or may have come into the possession of the general manager of the defendant, would not amount to such delivery to the corporation, where upon the face thereof the bill purported to be against Hughes Brothers, a copartnership, especially in view of the fact that there is evidence tending to show an agreement between the Hughes

Brothers and plaintiff through which the former were to act as collectors of the Coffey accounts. A finding is not necessary unless evidence appears in the record warranting the same.

We perceive no prejudicial error in the record, and the judgment and order are affirmed.

Shaw, J., and Taggart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 17, 1908, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 4, 1908.