[Civ. No. 1127.    First Appellate District.—February 11, 1913.]

# H. L. ATKINSON, Respondent, v. GOLDEN GATE TILE COMPANY, Appellant.

Account Stated—Failure to Object Within Reasonable Time.—An account rendered and retained beyond a reasonable time without objection is deemed accepted, conceded to be correct, and thereby constituted an account stated.

Id.—Acquiescence in Monthly Statements During Period of Years—Charges for Interest—Failure to Object to Last Statement.—Where it had been the uniform custom of a seller, extending throughout a series of years, to furnish to a purchasing customer a monthly statement of its account showing: 1. The balance brought forward from the previous month; 2. Goods purchased during the current month; 3. A notice that "accounts not paid promptly when due will be subject to interest charge and sight draft without notice"; 4. A statement of the interest charged to date upon accounts "past due"; and 5. The balance due, and the customer had never made any objections to any of such statements, either generally, or as to any item of merchandise or interest charged therein, his retention of the last statement so furnished him, without objection, for a period of twenty-five days, constituted it an account stated.

Id.—Finding—Conflict of Evidence.—A finding that the account sued upon was stated and accepted cannot be interfered with on appeal, where the evidence touching that matter is conflicting.

Id.—Charges for Interest at More Than Legal Rate—Compound Interest.—Where the statements of account regularly rendered to the customer from month to month throughout such series of years contained a notice that interest would be charged upon unpaid monthly balances, and in each instance interest was charged upon and added to the unpaid balance at the rate of ten per cent per annum, which interest in turn was added to the balance stated for the succeeding month, the customer's assent to such interest charges was properly inferred, and a finding that he agreed to pay interest upon unpaid monthly balances at the rate indicated is supported by the evidence.

Id.—Statutory Restrictions on Interest Charges Inapplicable to Account Stated.—Section 1917 of the Civil Code providing that "unless there is an express contract in writing, fixing a different rate, interest is payable on all moneys at the rate of seven per centum per annum after they become due, . . . or due on any settlement of account from the day on which the balance is ascertained," has no application to the rate of interest which may be included in and agreed

to upon an account stated, and section 1919 of that code, requiring a
contract for the compounding of interest to be in writing, does not
prevent the inclusion in such an account of compound interest.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco, and from an order refus-
ing a new trial.   Clarence A. Raker, Judge presiding.

The facts are stated in the opinion of the court.

Ames & Manning, for Appellant.

Page, McCutchen, Knight & Olney, for Respondent.

LENNON, P. J.—This is an action brought to recover the
sum of $802.42 upon an account stated.   The same cause of
action was variously pleaded in eight separate and distinct
counts of the plaintiff's complaint, but upon the trial of the
action the plaintiff elected to rely solely upon the sixth count,
which, by way of inducement to the allegation of an account
stated, averred that plaintiff's assignor, Baker & Hamilton (a
corporation), had sold and delivered goods, wares, and mer-
chandise to the defendant at the agreed price of $1,725.67;
that the defendant agreed with said Baker & Hamilton to pay
interest on said sum at the rate of ten per cent per annum to
be computed upon monthly unpaid balances; that the interest
so agreed to be paid upon said monthly unpaid balances
amounted to the sum of $276.75; that prior to the commence-
ment of the action the defendant paid on account of said in-
debtedness the sum of one thousand two hundred dollars,
which left a balance due and unpaid for principal and interest
in the sum of $802.42.

Plaintiff's complaint then proceeded to allege the existence
of an account stated as follows: ''On or about the 1st day of
March, 1910, defendant and said Baker & Hamilton (a cor-
poration) stated an account of the goods, wares and mer-
chandise so sold and delivered and the payments on account
thereof, as hereinbefore set forth, together with the interest
thereon, and there was found due from said defendant to said
Baker & Hamilton upon such statement of account the sum of
$802.42; that the defendant accepted the said accounting and

the balance so found due as aforesaid, and agreed to pay to said Baker & Hamilton the said sum of $802.42.''

The defendant by its answer denied this and every other allegation of the plaintiff's complaint; and upon the issues thus raised the case was tried, and judgment rendered and entered for the plaintiff, from which and from the order denying a new trial the defendant has appealed upon the judgment-roll and a bill of exceptions.

The trial court found the facts of the case to be in substantial accord with the allegations of the plaintiff's complaint. The defendant assails the sufficiency of the evidence to support the trial court's findings of fact to the effect that an account was stated between plaintiff's assignor and the defendant.

The evidence offered and received in support of this phase of the plaintiff's case was in substance as follows: It was the custom of plaintiff's assignor upon the last day of every month to make up a written and printed statement of its accounts with each of its customers, including the defendant. These statements were prepared and formulated so as to show: 1. The balance brought forward from the previous month; 2. Goods purchased during the current month; 3. A notice that ''accounts not paid promptly when due will be subject to interest charge and sight draft without notice''; 4. A statement of the interest charged to date upon accounts ''past due''; and 5. The balance due. Such statements were mailed monthly and regularly to every customer of the plaintiff's assignor, including the defendant. It was the fixed and uniform custom of plaintiff's assignor to charge each of its customers, including the defendant, with interest upon unpaid monthly balances at the rate of ten per cent per annum; and if the account was not paid when due the interest charged thereon was invariably added to the total for the next month. Such interest was regularly and specifically charged upon and added to unpaid balances, appearing in every monthly account rendered to the defendant. This was the uniform custom pursued by plaintiff's assignor in its dealings with the defendant extending throughout a series of years.

Thus far the evidence offered and received in support of the plaintiff's case stands uncontradicted in the record before us; but upon the question of the acceptance of the account as

stated the evidence upon the whole case is to some extent in substantial conflict. In that connection the evidence of the plaintiff was to the effect that the statement of the defendant's account with Baker & Hamilton as rendered upon the thirty-first day of March, 1910, constituted the account stated and sued upon. The action was commenced upon the account thus stated on April 25, 1910; and the evidence of the plaintiff was to the further effect that at no time prior thereto was any objection made by the defendant to the statement of the account as rendered for the month mentioned, or to the statements as rendered for any previous month, either generally or as to any item of merchandise or interest charged therein.

These facts bring the plaintiff's case squarely within the settled rule that an account rendered and retained beyond a reasonable time without objection is deemed accepted, conceded to be correct, and thereby constituted an account stated: (*Auzerais* v. *Naglee*, 74 Cal. 60, [15 Pac. 371]; *Hendy* v. *March*, 75 Cal. 566, [17 Pac. 702]; *Mayberry* v. *Cook*, 121 Cal. 588, [54 Pac. 95].)

True, there is some testimony to be found in the record given upon behalf of the defendant which tends to show that objection was made to several items of the account other than the charges made for interest as rendered from time to time prior to the rendition of the account sued upon; but the trial court upon the whole evidence found that the account in suit was stated and accepted, as alleged in the plaintiff's complaint, and in the presence of a substantial conflict in the evidence the finding must be sustained.

The defendant complains of the charge made for interest at the rate of ten per cent per annum upon unpaid monthly balances, and which were merged in the sum total of the account as finally stated and sued upon. It is the defendant's contention that there is no evidence to support the finding of the trial court that the defendant agreed to pay interest upon unpaid monthly balances at the rate of ten per cent per annum or at any other rate, and that in any event interest could not be charged upon the monthly balances as stated from time to time in excess of the legal rate, except upon a contract in writing.

We have already shown the undisputed evidence of the plaintiff to be that the statements of account regularly rendered to defendant from month to month throughout a series of years contained a notice that interest would be charged upon unpaid monthly balances, and that in each instance interest was charged upon and added to the monthly unpaid balance at the rate of ten per cent per annum. The plaintiff's evidence further shows that it was the custom of plaintiff's assignor in its dealings with the defendant, as with all of its customers, to balance this account and render a statement thereof at the end of each month, in which was included a charge for interest upon unpaid balances at the rate of ten per cent per annum, which interest in turn was added to the balance stated for the succeeding month. While the charge for interest was not in any instance stated to be at the rate of ten per cent per annum, nevertheless every statement of account rendered to the defendant contained a charge for interest at that rate. No objection was ever made by the defendant to the interest charged and computed upon the unpaid monthly balances shown on the accounts rendered from time to time and finally included in the sum total of the account stated. It was not necessary that the defendant should have expressly agreed to the rate of interest charged. His assent thereto could have been rightfully inferred by the trial court from all of the circumstances of the transaction as herein enumerated, and therefore it must be held that the evidence supports the finding that the defendant agreed to pay interest upon unpaid monthly balances at the rate indicated. (*Marye* v. *Strouse,* 6 Sawy. 204, [5 Fed. 483].)

The precise point that interest in excess of the rate provided in section 1917 of the Civil Code could not be included in an account stated except upon the written agreement of the parties was made upon practically the same state of facts as appear here, and disapproved in the case of *Auzerais* v. *Naglee,* 74 Cal. 60, [15 Pac. 371]. In that case, interest at the rate of one per cent per month had been charged and included in an account stated. Then, as now, section 1917 of the Civil Code provided that ''unless there is an express contract in writing fixing a different rate, interest is payable on all moneys at the rate of seven per centum per annum after they become due . . . or due on any settlement of account, from

the day on which the balance is ascertained. . . . ''   This sec-
tion of the Civil Code was construed in the case last cited, and
in effect held to have no application to the rate of interest which
might be included in and agreed to upon an account stated.
That this question was directly involved and decided is ex-
pressly declared in the opinion of the court which, after review-
ing numerous authorities, proceeds to say that: ''The deduction
is that there being no positive law to the contrary, the pay-
ment of interest may be the subject of contract, express or
implied, in cases where, but for such contract, no interest
could be recovered.   In this state we are of the opinion that
when, as in the present case, it is shown to be the universal
custom of a merchant to charge interest after thirty days
upon monthly balances due upon open account, and where
such account showing the interest charged up regularly is
received by the debtor and fully understood by him, and
where such account becomes stated either by the prolonged
failure of the debtor to object thereto, or by a settlement and
adjustment thereof between the parties, a new contract arises
between such parties, and the debtor is bound to pay the
balance due, and no inquiry is permissible as to the items
beyond the defense of the statute of limitations and that of
fraud, error, or mistake.''

Finally upon the subject of interest the defendant insists
that the account stated and sued upon could not legally con-
tain charges for interest upon interest; in other words, it is
the defendant's contention that interest was computed and
charged against him in contravention of section 1919 of the
Civil Code, which provides that ''Parties may, in any con-
tract in writing whereby any debt is secured to be paid, agree
that if the interest on such debt is not punctually paid, it shall
become a part of the principal, and thereafter bear the same
rate of interest as the principal debt.''

This latter contention, it seems to us, is fully answered by
the reasoning in the case of *Auzerais* v. *Naglee*, 74 Cal. 60,
[15 Pac. 371]. ° True, the question of the right to compound
interest upon an account stated was not involved nor decided
in that case; but we apprehend that if such question had been
involved, the opinion, to be consistent, must have held that
the rule relating to compound interest as declared in section
1919 of the Civil Code had no more application to an account

stated than did the rule relating to interest declared in section 1917 of the same code. The conclusion arrived at in the case was founded upon "the theory that the interest as charged being known and assented to by the debtor, and not being in violation of any positive law, affords a sufficient consideration for the new promise involved in an account stated."

The reasoning which permits a rate of interest upon an account stated in excess of the rate ordinarily fixed by statute, must likewise, in order to be consistent and logical, permit such interest to be compounded without the necessity of an agreement in writing.

It is said that the opinion in the case of *Auzerais* v. *Naglee,* 74 Cal. 60, [15 Pac. 371], is weakened by the fact that it was rendered by a divided court and is apparently in conflict with the weight of authority in other jurisdictions. Conceding all this to be so, the decision in the case has never thus far been criticised or modified by the supreme court of this state, and therefore we have no option but to follow and apply the reasoning thereof in disposing of the points made here.

Finally appellant contends that there was no proof of the delivery of the account nor of the assignment of the cause of action to plaintiff. We have examined the record, but do not find that it supports this contention. In each case there is some evidence of the fact sufficient for the court to base its finding upon.

The judgment and order are affirmed.

Hall, J., and Murphey, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 9, 1913.