[Civ. No. 4621. First Appellate District, Division Two.—August 20, 1923.]

DAWSON TERMINALS CO. (a Corporation), Respondent, v. ROSENBERG IRON & METAL CO. (a Copartnership), et al., Appellants.

[1] ACCOUNT STATED — CREATION OF—EXISTENCE OF INDEBTEDNESS.— The rule that an account which has been rendered and to which no objection has been made within a reasonable time is to be regarded as admitted by the party charged as *prima facie* correct assumes that there was some indebtedness between the parties, for there can be no liability on an account stated if no liability in fact exists, and the mere presentation of a claim, although not objected to, cannot of itself create a liability.

[2] ID.—ALLEGED ADVANCES OF MONEY—ABSENCE OF PREVIOUS DEALINGS BETWEEN PARTIES—PAYMENT NOT SHOWN.—An account stated is not created in favor of a claimant for moneys alleged to have been advanced by it for the account of a partnership to a transportation company, where there was no previous dealings between the claimant and said partnership, and the latter, after demands made by the claimant for payment, agreed to pay such advances if the claimant would furnish an "itemized paid expense bill for advance charges," and the claimant did not meet such condition

---

1. What constitutes an account stated, notes, 136 **Am. St. Rep.** 37; 27 **L. R. A.** 811.

at any time and failed to show that any sum had been paid for the partnership's account, the partnership proving that the account had been fully paid to the transportation company.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge. Reversed.

The facts are stated in the opinion of the court.

Brownstone & Goodman for Appellants.

Nathan H. Frank, Irving H. Frank and Sydney Schlesinger for Respondent.

NOURSE, J.—This is an action upon an account stated for $484.40. The appeal is upon a bill of exceptions which omitted a specification of particulars. This, however, was supplied by order of court made, on motion, prior to the submission of the cause. The defendants had made a contract with the Parr-McCormick Steamship Co. to transport iron for defendants from Los Angeles to Seattle by boat. After the delivery of the iron at Seattle the plaintiff made demands upon defendants for charges and expenses which it claimed it had paid the transportation company for defendants' account. Up to that time plaintiff and defendants had had no business relations of any kind. On February 2, 1920, defendants wrote plaintiff agreeing to pay these advances if plaintiff would furnish an "itemized paid expense bill for advance charges." The plaintiff did not meet this condition at any time. On May 29, 1920, it mailed a letter to defendants inclosing a corrected bill which, however, did not itemize the advance charges and contained no evidence of payment. On June 14, 1920, plaintiff sent another letter to defendants inclosing a copy of what purported to be an advance charge bill, but the bill inclosed was an account between defendants and the Outer Harbor Dock and Wharf Co. and also failed to show payment by plaintiff. On these facts plaintiff sued upon an account stated. The defendants rely upon the plea that their promise to pay was always conditional upon production of evidence that these charges had been in fact advanced by plaintiff and that this condition was never met. The defendants also showed that full payment had

been made to the Parr-McCormick Steamship Co., with whom the original contract was made.

At the opening of the trial the court took the position that if one party should send to another a statement or claim with a demand for payment and the demand is ignored, an account stated is created upon which the sender could recover even though there was no indebtedness and no previous transactions between the parties. [1] We do not so understand the rule as to the creation of an "account stated." In volume 1, R. C. L., page 215, it is said: "The rule that an account which has been rendered and to which no objection has been made within a reasonable time is to be regarded as admitted by the party charged as *prima facie* correct assumes that there was some indebtedness between the parties, for there can be no liability on an account stated if no liability in fact exists and the mere presentation of a claim, although not objected to, cannot of itself create a liability." In *Stimson Mill Co.* v. *Hughes Mfg. Co.*, 8 Cal. App. 559, 561 [97 Pac. 322], it was said: "An account stated must be founded on previous transactions of a monetary character. . . . It cannot be made the instrument to create a liability where none before existed."

[2] Here the demand of respondent was for moneys claimed to have been paid for the account and benefit of appellants. In answer to the demand the appellants promised to pay when respondent produced an itemized expense bill showing that the same had in fact been paid by respondent. The two subsequent letters containing copies of bills in connection with the transaction fell far short of meeting the conditions imposed by appellants. The respondent has not at any stage of the controversy given any evidence tending to show that any sum had at any time been paid for appellants' account and hence there is no proof of any indebtedness between the parties. On the other hand, the appellants proved that the account had been fully paid to the original creditor.

Judgment reversed.

Langdon, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 19, 1923.