[Civ. No. 5005. First Appellate District, Division Two.—April 20, 1925.]

## MEURICE SWIM, Appellant, v. ETHEL RAYE JUHL et al., Respondents.

[1] ACCOUNT STATED — EXISTENCE OF LEGAL INDEBTEDNESS.—An account stated cannot create a liability where no legal indebtedness existed at the time the account was rendered.

[2] ID.—RENDITION OF MEDICAL SERVICES TO DAUGHTER—ORAL PROMISE OF MOTHER TO PAY—FAILURE TO OBJECT TO BILLS.—A mother who fails to object to bills sent to her for medical services rendered to her daughter is not liable on an account stated, where the mother's promise to answer for the default of her daughter is void because not in writing, and there is, therefore, no legal existing obligation upon which the account can be stated.

---

(1) 1 C. J., p. 695, n. 54.   (2) 1 C. J., p. 699, n. 99; 27 C. J., p. 135, n. 16.

1. Law of accounts stated, notes, 62 **Am. Dec.** 85; 136 **Am. St. Rep.** 37. See, also, 1 **R. C. L.** 208, 215; 1 **Cal. Jur.** 191.

2. Promise to pay debt of another within statute of frauds, notes, 5 **Am. Dec.** 321; 95 **Am. Dec.** 251; 46 **Am. Rep.** 296.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting nonsuit. Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Meurice Swim, *in pro. per.*, and Russell P. Tyler for Appellant.

David E. Marchus for Respondents.

NOURSE, J.—Plaintiff sued on an assigned claim for medical services alleged to have been rendered the defendant Dorothy E. Bradley. The defendants Ethel Raye Juhl and her husband, Jesse Peter Juhl, were joined on the theory that the former, who was the mother of Dorothy Bradley, promised to pay for the services rendered her daughter. The Juhls answered and went to trial before the court sitting without a jury. At the close of plaintiff's case the court, on motion of these two defendants, granted a nonsuit. The appeal is taken from this order and is presented on a transcript prepared under section 953a of the Code of Civil Procedure.

The complaint was framed on two causes of action—one for the reasonable value of the medical services rendered, the other upon an account stated. On this appeal the appellant concedes the correctness of the ruling as to the first cause of action because the employment of the physician having been made by the daughter and the alleged agreement of the mother to pay in case of the daughter's default not having been in writing, and having been made subsequent to the employment, the mother's contract was void because of the provisions of section 1624 of the Civil Code, commonly referred to as our statute of frauds.

As to the second cause of action, the evidence is that after the services had been rendered and after the daughter had been released from the hospital, appellant's assignor sent a bill for his services to Mrs. Bradley, and, receiving no reply from her, sent two or three bills for the same account to Mrs. Juhl. No reply was received from her and upon this fact the appellant bases his claim of an account stated. The appellant's theory is that, conceding the original con-

tract of the mother to answer for her daughter's default to be void because not in writing, her failure to object to the bills when rendered created a new contract which was not controlled by the statute of frauds. The answer of the respondent is that an account can be stated only when based upon an existing legal obligation, and the promise of the mother being void because of the statute of frauds, no valid contract could be created by the purported statement of account. The respondents also argue that the question of the reasonableness of the time within which the mother failed to object to the bill was a question of law for the court and that on this appeal we must assume that the court held that a reasonable time had not elapsed.

Appellant relies on *Converse* v. *Scott,* 137 Cal. 239 [70 Pac. 13], and *Bennett* v. *Potter,* 180 Cal. 736 [183 Pac. 156], holding that an account stated may rest in parol when based on an executed contract. Other cases are cited to the point that an account stated becomes a new contract upon which suit may be based without proof of the original contract. [1] But none of these cases holds that the mere failure to object to a bill rendered can ripen into an account stated where no legal indebtedness existed at the time. We had occasion to consider this same question in *Dawson Terminals Co.* v. *Rosenberg etc. Co.,* 63 Cal. App. 489, 491 [218 Pac. 782]. On this subject we adopted the following language from 1 Ruling Case Law, page 215: "The rule that an account which has been rendered and to which no objection has been made within a reasonable time is to be regarded as admitted by the party charged as *prima facie* correct assumes that there was some indebtedness between the parties, for there can be no liability on an account stated if no liability in fact exists, and the mere presentation of a claim, although not objected to, cannot of itself create a liability."

In *Stimson Mill Co.* v. *Hughes Mfg. Co.,* 8 Cal. App. 559, 561 [97 Pac. 322, 323], it was said: "An account stated must be founded on previous transactions of a momentary character. . . . It cannot be made the instrument to create a liability where none before existed." In *Auzerais* v. *Naglee,* 74 Cal. 60, 67 [15 Pac. 371, 373], the supreme court said: "An open account already barred by the statute of limitations cannot be relieved from the bar of such statute

by an oral statement of such account, for the reason that under our code (Code Civ. Proc., sec. 360) no acknowledgment or promise is sufficient evidence of a new or continuing contract by which to take the case out of the operation of the statute unless the same is contained in some writing signed by the party to be charged thereby.''

[2] There is no essential difference in its application to the question at hand between an obligation barred by the statute of limitations and one void under the statute of frauds. The absence of a writing to answer for the daughter's default rendered the mother's original agreement void so that there was no legal existing obligation upon which the account could be stated. Though the contract with the daughter for the performance of the services was executed, the contract of the mother to answer for the daughter's default was unexecuted.

As an account stated cannot create a liability where none has theretofore existed (*Bennett* v. *Potter,* 180 Cal. 736, 747 [183 Pac. 156]), and as the oral promise of the mother to answer for the default of her daughter was void because not in writing, it follows that the attempt to state an account without any writing on the part of the party sought to be charged did not create any liability enforceable against her.

Order affirmed.

Preston, J., *pro tem.,* and Langdon, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 17, 1925.

All the Justices concurred.