[Civ. No. 5190.  First Appellate District, Division Two.—August 27, 1925.]

WILLIAM C. KNOX, Respondent, v. TRIGONIA OIL COMPANY OF CALIFORNIA (a Corporation), Appellant.

[1] ACCOUNT STATED—EXISTING DEBT—EVIDENCE.—In this action to recover moneys alleged to be due on an account stated, the writing executed by defendant in connection with the moneys to be paid to plaintiff's assignor showed that the amount in question had become an existing debt, payable at such times and in such amounts as should be in proportion to the deferred payments thereafter made to the vendor of certain lands contracted to be purchased by defendant, and was not a contingent debt; and a stated account may be predicated upon such an existing debt.

[2] ID.—PROMISE TO PAY—EVIDENCE.—In such action, it having been perfectly clear that in making the writing in question there was an implied promise by defendant to pay, an actual express promise to pay was not necessary.

---

(1) 1 C. J., p. 699, n. 98, p. 700, n. 9.   (2) 1 C. J., p. 697, n. 78, 80, p. 727, n. 75.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. N. Rector, Judge presiding. Affirmed.

The facts are stated in the opinion of the court.

O. C. Wilson and W. F. Russell for Appellant.

Daniel H. Knox and James M. Thomas for Respondent.

---

1. Character of the claims which may be the subject of an account stated, note, 45 L. R. A. (N. S.) 1237. See, also, 1 Cal. Jur. 192.

2. See 1 Cal. Jur. 197; 1 R. C. L. 212.

STURTEVANT, J.—The plaintiff commenced an action to recover moneys alleged to be due on a stated account. The defendant answered, a trial was had before the court sitting without a jury, judgment went for the plaintiff and the defendant has appealed. The appellant contends that the debt was contingent and that on a contingent debt one may not predicate a stated account. The vice in this position is in the assumption that the debt was contingent. It was not.

Prior to the month of July, 1920, some oil lands on the border between Santa Clara and Santa Cruz Counties were owned by one Spiegleman. At that time Percy McCabe claimed to have a lease on the lands. Frank Rose, manager of Trigonia Oil and Gas Company, a corporation formed under the laws of Oregon, came to California and opened negotiations for the purchase of said oil lands. For a consideration of $5,000 McCabe agreed to stand aside and allow Rose to conduct his negotiations directly with Spiegleman. As a result of the negotiations Rose was given such a contract that the Trigonia Oil Company of California was formed and Spiegleman transferred the property to the corporation under an executory contract which called for certain deferred payments. On July 8, 1921, the defendant executed an indenture in writing including the following passage:

"728 Phelan Building, San Francisco, Cal.,
July 8–21.

Trigonia Oil Company of California, Dr.
To Percy McCabe $3500, & James Lester $1500, Total $5000.

For commission assumed on sale of Spiegleman lease, Santa Clara Co. at $32,500—Commission $5000, payable in proportion as Spiegleman or Continental Oil & Refining Co. is paid. Trigonia Co. has paid to date to Spiegleman or Continental Oil & Refining Co. $8500.

Amount now due on account of commission........$1,307.90
Paid to McCabe on account $100
Paid to Lester on account   250 ................     350.00
     Balance ...................................     957.90
     7–11–21 Paid this date on account............     250.00

Balance accrued and due........................     707.90

Balance unaccrued $3692.10 or $133.85
    per $1000 on $24000 unpaid on the lease
    July 8 ......................1921.
Received from the Trigonia Oil Company of California
Check No. 141 for $250.00 in payment of the above account.
PERCY McCABE.
Please receipt and return to Trigonia Oil Co. of California,
728 Phelan Bldg., San Francisco, Cal.''

[1]  A mere inspection of the writing shows that the moneys mentioned, $5,000, had become an existing debt. That debt, however, was made payable to McCabe at such times and in such amounts as should be in proportion to the moneys that were thereafter paid to Spiegleman on his deferred payments. Under these circumstances it is unnecessary to go into the consideration of cases dealing with contingent debts.

[2]  The appellant also contends that there was no proof of an agreement to pay and that such an agreement is an essential element in such an action. In making this contention the appellant is correct if he means that there must be at least an implied promise to pay. In making the writing above quoted it is perfectly clear that there was the implied promise to pay. An actual express agreement to pay is not necessary. (*Mayberry* v. *Cook,* 121 Cal. 588 [54 Pac. 95]; 1 C. J., p. 697, sec. 301.)

We find no error in the record. The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.