[Civ. No. 7491. First Appellate District, Division Two.—March 19, 1931.]

F. ADLER, Respondent, v. CHARLES GRANELLI, Appellant.

Spencer G. Prime and C. K. Bonestell for Appellant.

Walter McGovern for Respondent.

PRESTON (H. L.), J., *pro tem.*—This is an appeal by defendant, Charles Granelli, from a judgment entered against him in the sum of $534 upon an account stated. The action was brought to recover attorney's fees for services rendered to defendant, and moneys expended for his use and benefit, by the law firm of Hubbard & Hubbard, the plaintiff's assignors. The case was tried before the court without a jury.

The complaint, among other things, alleges and the court found: That H. R. Hubbard and Leslie L. Hubbard were attorneys and counselors at law, duly and regularly licensed to practice in all the courts of California, and were engaged in the practice of law in the city and county of San Francisco under the name and style of Hubbard & Hubbard; that they performed certain legal services for defendant at his special instance and request and for his use and benefit, and that they also expended certain moneys for the use and benefit of defendant and at his special instance and request; that on the 30th of April, 1928, the said H. R. Hubbard and Leslie L. Hubbard, as such copartners, and the said defendant, accounted together concerning the said services so rendered and the money so expended, and that on said last-mentioned date it was found and ascertained between H. R. Hubbard and Leslie L. Hubbard and defendant that there was due, owing and payable to said H. R. Hubbard and Leslie L. Hubbard, from said defendant, Charles Granelli, the sum of $534, which said sum the said defendant then

and there agreed to pay; that said defendant has not paid the same nor any part thereof, and the whole thereof is now due, owing and payable from said defendant to this plaintiff.

The sole contention made by appellant is this: "There was no acquiescence such as is required to establish an account stated by reason of failure to object within a reasonable time to the correctness of the statement sent by mail."

This contention is based upon the testimony of defendant and appellant, which was that he only received one statement through the mail from Hubbard & Hubbard, and that he objected to that statement through his then attorney, Mr. Prime. On the other hand, Mr. H. R. Hubbard testified that defendant came to his office and asked for his papers and was told by Mr. Hubbard that the firm had a bill against him; thereupon, defendant requested that the bill be sent to him and that he would pay it; that thereafter, between November 16, 1927, and April 30, 1928, eight statements of the account were sent by mail, both to defendant's home and business address, but that no communication was ever received from Mr. Granelli or his attorney, Mr. Prime, relative thereto.

Thus it will be seen that the testimony given by Mr. Hubbard is in direct conflict with that given by the defendant.

The court accepted the testimony of Mr. Hubbard as true and found in favor of the plaintiff upon every material issue made by the pleadings. These findings of the trial court, made upon conflicting evidence, are conclusive, and all reasonable inferences are to be indulged in support of the findings. (*Wilbur* v. *Wilbur*, 197 Cal. 1 [239 Pac. 332].)

It was appellant's duty, when he received the account from Hubbard & Hubbard, to have made seasonable objections thereto, if he had any. Having failed to do so, the account became an account stated and the foundation of an independent cause of action, which arose thereon whenever a reasonable time elapsed without any objection being made thereto. What was a reasonable time was a question of fact for the court to determine from all the facts and circumstances in the case. (*Mayberry* v. *Cook*, 121 Cal. 588 [54 Pac. 95]; *Atkinson* v. *Golden Gate Tile Co.*,

21 Cal. App. 168 [131 Pac. 107]; *Schneider* v. *Oakman Consolidated Min. Co.,* 38 Cal. App. 338 [176 Pac. 177]; *California Bean Growers' Assn.* v. *Williams,* 82 Cal. App. 434 [255 Pac. 751].)

We find no merit whatever in the appeal.

The judgment should be affirmed, and it is so ordered.

Nourse, P. J., and Sturtevant, J., concurred.