[Civ. No. 13072. First Dist., Div. One. June 20, 1946.]

FRED H. GOOSSEN, Respondent, v. W. E. CLIFTON et al., Appellants.

Fred Aberle and Rankin, Oneal, Luckhardt & Hall for Appellants.

Campbell, Hayes & Custer and Austen D. Warburton for Respondent.

PETERS, P. J.—Defendants appeal from an order denying their motion for a change of venue from the county of Santa Clara to the county of Los Angeles. On application of defendants for a writ of supersedeas an order to show cause and a temporary stay of proceedings were granted. (Civ. 13054.)

The complaint is in two counts. In the first count the plaintiff seeks to recover upon a mutual, open and current book account in the sum of $17,500.08, which sum is the claimed balance due and owing to plaintiff for the maintenance, management and supervision, between May 1, 1942, and April 15, 1943, of fifteen Ford trucks owned by defendants at construction jobs in Richmond, Camp Beale, Santa Rosa and Alameda, together with certain sums advanced by the plaintiff at defendants' request. A copy of the claimed mutual, open and current book account is attached to the complaint. It should be noted that neither in the attached exhibit nor in the allegations of the first count is the county of Santa Clara in any way connected with this cause of action or with defendants.

The second cause of action alleges that on April 15, 1943, and again on March 15, 1944, "in plaintiff's office in the City of San Jose, County of Santa Clara, State of California, an account was stated between the plaintiff and the defendants and upon such statement the sum of $17,500.08 was found due to the plaintiff from the defendants."

After having been served with process, and on October 17, 1945, the two Clifton defendants filed general and special

demurrers to the complaint, and on the same day there was filed on behalf of all of the defendants a notice of motion for a change of venue from Santa Clara County to Los Angeles County on the ground that the action was personal in nature and that Los Angeles County was, at the commencement of the action, the residence of the two Cliftons.

The affidavit of W. E. Clifton filed in support of the motion, avers that he was served in Los Angeles; that the alleged claim of plaintiff is based upon a mutual open book account arising out of an oral contract made and entered into in Richmond, Contra Costa County, in February, 1942; that at that time this defendant was a resident of the State of Washington; that at no time has this affiant been a resident of Santa Clara County; that on August 1, 1943, affiant established his residence in Los Angeles County, and his place of business is now there; that under the contract forming the basis of plaintiff's claim the moneys were not payable within the county of Santa Clara, but all moneys were payable and were paid in Contra Costa County; that at the time of filing the action, and on the date of service, affiant was a bona fide resident of Los Angeles County, and that the proper court to try the case is the Superior Court of Los Angeles County. A proper affidavit of merits is included.

The affidavit of J. S. Clifton, filed at the same time, alleges the same matters, except that it is averred that this defendant was a resident of Alameda County when the oral contract was entered into, but that since August 1, 1943, and at the time of filing the complaint and on the date of service, he has been a resident of Los Angeles County.

Thereafter, on October 30, 1945, the defendant Walter J. Vollmer filed an affidavit in support of the motion. Therein, he alleged that he had not yet been served with summons or a copy of the complaint, but that he is thoroughly familiar with the allegations of the complaint; that when the contract in question was entered into he was a resident of Alameda County; "that at no time has said affiant herein been a resident of the County of Santa Clara." He then alleges in substance the same matters set forth in the two Clifton affidavits; alleges that the two Cliftons are Los Angeles residents; that Los Angeles is the proper county to try the action, and joins in the request of the other two defendants for a transfer to Los Angeles County. A proper affidavit of merits is included.

On the same day each of the Cliftons filed a supplemental

affidavit wherein they alleged in substance that at no time prior to the institution of this action, or at any other time, was an account stated between the parties in Santa Clara County or any other place. No counteraffidavits were filed by plaintiff.

Under these facts it is clear that defendants are entitled to a change of venue to Los Angeles County. Both causes of action sound in contract. In the absence of statute, contract actions are triable in the county of the defendant's residence. Section 395 of the Code of Civil Procedure provides, so far as is pertinent here, that: "In all other cases, except as in this section otherwise provided, . . . the county in which the defendants, or some of them, reside at the commencement of the action, is the proper county for the trial of the action. . . . When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary. . . ." Section 396b of the Code of Civil Procedure provides that the court where the action is commenced, if it has jurisdiction of the subject matter, shall have jurisdiction to try the case although not designated as the proper court "unless the defendant, at the time he answers or demurs, files with the clerk . . . an affidavit of merits and notice of motion for an order transferring the action or proceeding to the proper court." The section then requires the court, in a proper case, to transfer the action to the proper court.

Before directly discussing the facts of this case there are certain well settled rules that must be kept in mind. The general rule is that a defendant is entitled to have actions tried in the county of his residence. The right of the plaintiff to have the action tried elsewhere is the exceptional right, and must find its justification in the terms of some statute. It is the duty of a plaintiff to bring himself within some exception if he can—otherwise, the defendant's right is to have the case tried in the county of his residence. (See cases collected 25 Cal.Jur. § 13, p. 866.) Actions in contract, except as provided in section 395 above quoted, are personal

actions triable in the county of defendant's residence. (See 25 Cal.Jur. § 15, p. 869.) ▮▮▮ It has been held that section 396b of the Code of Civil Procedure conferring on defendants the right to have the action tried in the county where they, or some of them, reside, is remedial in nature and should be liberally construed to the end that defendants may not be unjustly deprived of that right. (*Lyons* v. *Brunswick-Balke etc. Co.*, 20 Cal.2d 579, 582 [127 P.2d 924, 141 A.L.R. 1173].) The same case on page 584 states: "The right of the defendant to have certain actions tried in the county of his residence 'is an ancient and valuable right, which has always been safeguarded by statute and is supported by a long line of judicial decisions. ''The right of a plaintiff to have an action tried in another county than that in which the defendant has his residence is exceptional, and, if the plaintiff would claim such right, he must bring himself within the terms of the exception.'' (*Brady* v. *Times-Mirror Co.*, 106 Cal. 56 [39 P. 209].)' (*Brown* v. *Happy Valley Fruit Growers*, 206 Cal. 515 522 [274 P. 977].)''

If these general rules be applied to the facts here involved what is the result? So far as the first cause of action is concerned, a contract is alleged in the form of mutual open and current book account. There is no allegation at all as to where that cause of action arose, except that it arose out of an arrangement for the maintenance, management and supervision of certain trucks owned by the defendants on jobs in certain counties, but not including Santa Clara County. There is no allegation that the contract was entered into in Santa Clara County, or that it was to be performed there. There is no allegation that any of the defendants reside in Santa Clara County. It is obvious, therefore, that so far as the first count is concerned, were it the only count, plaintiff, having failed to bring himself within the exceptions contained in section 395, the defendants, upon a proper showing, would be entitled to· have the cause transferred under section 396b to the county where they, or some of them, reside. Plaintiff makes no serious contention to the contrary.

As to the second cause of action, it is alleged that in Santa Clara County an account was stated. This is denied in the Cliftons' affidavits, but, of course, the allegations of the complaint are themselves sufficient to create a conflict on this issue. (*East-West Dairymen's Assn.* v. *Dias*, 59 Cal.App.2d 437 [138 P.2d 772].) It follows that if the second count stood

alone, Santa Clara County would be a proper county in which to try the action.

This brings us to the specific problem here involved—when a plaintiff joins in one complaint two causes of action based on contract, in one of which defendants are entitled to a change of venue, and in one of which they are not, what are the rights of the respective parties? Neither counsel has referred us to any case, and we have found none, involving two contract actions. This is probably because the exception providing for trying the action where the contract was entered into or to be performed, found in section 395, was added as of a relatively recent date. Prior to the amendment all contract actions, being personal in nature, were triable in the county of defendant's residence. But although there seem to be no contract cases directly in point, there are many cases, other than contract cases, holding that if a plaintiff unites in one complaint two causes of action, in one of which the defendant has the right to have it tried in the county of his residence, in the other of which he is not, the defendant is entitled to have the cause tried in the county of his residence. There are many cases holding, for example, that where a cause of action *in personam* is joined with a local action, the defendant is entitled to the change of venue, although, had the local action been sued upon alone, no such right to a change would exist. This has been the rule since 1891 when *Smith* v. *Smith,* 88 Cal. 572 [26 P. 356], was decided, and the rule has been reaffirmed many times. (See *Bardwell* v. *Turner,* 219 Cal. 228 [25 P.2d 978]; *Turlock Theatre Co.* v. *Laws,* 12 Cal.2d 573 [86 P.2d 345, 120 A.L.R. 786]; *Howe* v. *Tucker,* 219 Cal. 193 [25 P.2d 832]; *Hays* v. *Cowles,* 60 Cal.App.2d 514 [141 P.2d 26]; *Neet* v. *Holmes,* 19 Cal.2d 605 [122 P.2d 557]; see, also, *Abbott* v. *People's Nat. Fire Ins. Co.,* 132 Cal.App. 357 [22 P.2d 544]; *Ah Fong* v. *Sternes,* 79 Cal. 30 [21 P. 381].)

The rule is fundamental. The important right to protect is that of the defendant to have the cause tried in the county of his residence. For the plaintiff to be entitled to the exceptional right of having the cause tried in some other county, he must clearly bring himself within a statutory exception. If, by joining several causes of action, the defendant could be deprived of his right, the right would be lost in many cases. It is for that reason that the courts hold that the test is whether on any one of the causes of action the defendant is entitled to a change to the county of his residence. If there is

one such cause, then defendant is entitled to the change no matter how many other causes may be set forth in which he is not entitled to the change. That is the situation here presented.

The plaintiff raises several technical points. He points out that defendant Vollmer did not demur or answer when he filed his affidavit, and it is urged that he is, therefore, not a party to the motion. Plaintiff also relies upon the rule that where there are several defendants in a personal action, a defendant not a resident of the county where suit is brought is not entitled to a change of venue in the absence of a showing that none of the defendants resided in the county where suit was brought. That is undoubtedly the law. (*Donohoe* v. *Wooster,* 163 Cal. 114 [124 P. 730] ; *County of Modoc* v. *Madden,* 136 Cal. 134 [68 P. 491] ; *Bloom* v. *Michigan Salmon Min. Co.,* 11 Cal.App. 122 [104 P. 324] ; see discussion 25 Cal.Jur. § 42, p. 909.) Based on these premises, plaintiff contends that there is nothing in the record to indicate that defendant Vollmer was not a resident of Santa Clara County at the commencement of the action. The Vollmer affidavit alleges that, when the contract was entered into, he was a resident of Alameda County, and ''that at no time has said affiant herein been a resident of the County of Santa Clara.'' But the plaintiff urges that the affidavit of Vollmer was never properly before the court because this defendant filed no answer or demurrer. It is contended that it is only at the time of answering or demurring under section 396b of the Code of Civil Procedure that a motion for change of venue may properly be made. There is authority to support plaintiff's contention. (*Nicholl* v. *Nicholl,* 66 Cal. 36 [4 P. 882] ; but see *Lyons* v. *Brunswick-Balke etc. Co.,* 20 Cal.2d 579 [127 P.2d 924, 141 A.L.R. 1173].) But it need not be determined in this case whether Vollmer was properly a party to the motion. ▮ Where a change is sought on the ground that none of the defendants reside in the county of the *forum,* some of the defendants may apply for a change without joining all of the defendants if they show that none of defendants reside in the county of the *forum.* (*Brown* v. *Happy Valley Fruit Growers,* 206 Cal. 515 [274 P. 977] ; *Sims* v. *Mains,* 131 Cal.App. 307 [21 P.2d 447].) Here, whether Vollmer was a formal party to the motion need not be determined. His affidavit can at least be considered as evidence on behalf of the other moving defendants. Since from all the affidavits it

appears that none of the defendants resided in Santa Clara County at the time of the commencement of the action, that is all that is required.

The order to show cause and the temporary stay of proceedings issued upon the application for a writ of supersedeas are discharged. The order denying the motion for change of venue to Los Angeles County is reversed.

Ward, J., and Schottky, J. pro tem., concurred.

A petition for a rehearing was denied July 20, 1946, and respondent's petition for a hearing by the Supreme Court was denied August 15, 1946.