[Civ. No. 15906.   Second Dist., Div. Three.   Feb. 9, 1948.]

J. A. HAGAN, Appellant, v. A. GILBERT et al., Respondents.

Abraham Gottfried, Minor Blythe, J. Paul Madsen and B. G. Sebille for Appellant.

Edwin Levin, Jerome Weber and Stern & Grupp for Respondents.

WOOD, J.—Plaintiff appeals from the order granting a motion for change of venue from the county of Los Angeles to the city and county of San Francisco.

The complaint, which purported to allege four causes of action based on contract to recover money, named eight defendants (and several defendants under fictitious names). Seven of the named defendants filed a demurrer to the complaint, and at the same time served and filed a notice of motion for change of venue, which notice stated that the motion would be made upon the grounds that those seven defendants were residents of the city and county of San Francisco, and that the alleged contract was entered into and was to be performed in the city and county of San Francisco. The motion was supported by an affidavit of merits made by defendant Gilbert only. The motion was submitted on January 9, 1947, and came before the court for a ruling thereon on January 17, 1947. The court at that time granted the motion, and stated in its order that, ''Defendants are permitted to file 'Amended affidavit of Merits' and plaintiff is permitted to file affidavit in opposition to motion for change of venue.'' The amended affidavit, referred to, had been filed on January 14th, and the affidavit in opposition to the motion was filed January 17th, the day the motion was granted.

Plaintiff stated in his memorandum of authorities, filed with his affidavit in opposition to defendants' motion, that at the time the motion was submitted the court granted defendants five days in which to file authorities to show that an affidavit of merits was sufficient when made by only one of the defendants named in the complaint. Plaintiff contends

that the court erred prejudicially in permitting defendant to file an amended affidavit of merits without notice to plaintiff; and that the motion should have been determined upon the original affidavit of merits.

Defendant Gilbert in his original affidavit of merits stated that he had stated the facts of the case to his attorney who had advised him that he had a good defense to the "cause" of action upon the merits; that he was at the time of commencement of the action, and at the time of making the affidavit, a resident of the city and county of San Francisco; that he had personal and direct knowledge that the other defendants were at the time of the commencement of the action, and ever since had been, residents of the city and county of San Francisco; and that "this is an action upon a contract, the place of performance of which is in the City and County of San Francisco, and not elsewhere, in that said alleged contract is an alleged obligation which was incurred in the said City and County of San Francisco, and which said alleged contract was in fact entered into in the said City and County of San Francisco, and was to be performed in its entirety in the said City and County of San Francisco." The amended affidavit of merits, also made by defendant Gilbert, included the statements contained in the original affidavit and, in addition thereto, stated that all the defendants, except Tom Stone, had stated the facts of the case to their attorney and he had advised them that they had a good defense to the alleged cause of action upon the merits; and that the defendant Tom Stone was in no way "connected" with the other defendants.

Plaintiff contends that these additional statements in the amended affidavit were such that, under section 473 of the Code of Civil Procedure, notice of the proposed amendment should have been given to plaintiff. This contention is not sustained. Those additional statements in the amended affidavit added nothing to the legal sufficiency of the original affidavit of merits, and they were not prejudicial to plaintiff, and no notice of the proposed amendment was required. It appears that the additional statements were made in an attempt to show that the affidavit of merits was made on behalf of all the nonresident defendants. It was not necessary to make such a showing in support of the motion. If proper grounds exist for transferring an action from one county to another, a defendant entitled to such transfer may

not be deprived of that right because other codefendants have not been joined in seeking the transfer. (*Sourbis* v. *Rhoads,* 50 Cal.App. 98, 100 [194 P. 521].) In the case of *People* v. *Ocean Shore Railroad, Inc.,* 24 Cal.App.2d 420 [75 P.2d 560], which was a proceeding in eminent domain, one of 32 named defendants made a motion for a change of venue on the ground that an impartial trial could not be had in the county where the action was commenced, and the motion was granted. The appellant therein contended that the trial court erred in changing the place of trial upon application of one defendant only. In affirming the order therein granting the motion for change of venue, the reviewing court stated, at page 424: "It has been repeatedly held that where the action is not brought in the proper county, any defendant, without joining his codefendants, may demand a transfer to the proper county. [Citing cases.]" It therefore appears that an affidavit of merits made by one such defendant, if otherwise sufficient, would support his motion. The statement in the affidavit that Tom Stone was not "connected" with the other defendants was ineffectual for any purpose, and therefore no notice to plaintiff of the proposed amendment in that respect was required.

It is alleged in the complaint that Tom Stone is a resident of the county of Los Angeles. Plaintiff contends that the county of Los Angeles is therefore the proper place for trial of the action. When a defendant resides in the county where an action is commenced, that county is a proper place for trial of the action. (Code Civ. Proc., § 395.) If, however, such resident defendant is not a necessary party, and his residence is the only ground for retaining jurisdiction in the county where the action was commenced, a defendant who resides in another county is entitled to have the place of trial changed to the county of his residence. (See *Hays* v. *Cowles,* 60 Cal.App.2d 514, 519 [141 P.2d 26].) Respondents contend, in effect, that the resident defendant Tom Stone is not only not a necessary party to the action, but that he is not a proper party and no cause of action is stated against him in the third cause of action. In the third cause of action plaintiff alleged that he realleged paragraphs I and II of his first cause of action (which stated that three of the defendants [naming them] were doing business in San Francisco; that Stone resided in Los Angeles; and that defendant did not know the true names of the persons sued under fictitious

names); that "prior to the commencement of this action Tom Stone sold, transferred and assigned to the plaintiff herein such balance, and all causes of action against defendants [naming the nonresident defendants];

"That during the months of June, July and August, 1946, said Tom Stone at the special instance and request of defendants [naming the nonresidents] sold and delivered to said defendants certain goods, wares and merchandise at the agreed price of Five Thousand Four Hundred and Four Dollars and Eighty-seven Cents ($5,404.87), which price was the reasonable market value thereof; that no part of said account has been paid; and that there now remains due and unpaid on said account the sum of [repeating the amount];

"That the said Tom Stone and this plaintiff have duly demanded of said defendants payment of the above alleged sum, but no part thereof has been paid."

That purported third cause of action alleged merely that Stone sold goods to the nonresident defendants for a certain sum, and assigned "all causes of action" to the plaintiff. It was not alleged therein that any obligation on the part of Stone was created in favor of plaintiff, and there was no indication therein as to the basis or theory upon which plaintiff claimed that he should recover from Stone. No cause of action was stated therein against Stone.

■ Appellant contends, in effect, that irrespective of whether the asserted third cause of action stated a cause of action against Stone, there were three causes of action in the complaint against Stone, and that the nonresident defendants, therefore, were not entitled to a change of venue. This contention is not sustained. When a nonresident defendant is entitled to a change of venue upon one cause of action stated in a complaint, he may not be deprived of that right because plaintiff included other causes of action in the same complaint upon which such defendant is not entitled to a change of venue. (See *Bardwell* v. *Turner,* 219 Cal. 228 [25 P.2d 978]; *Turlock Theatre Co.* v. *Laws,* 12 Cal.2d 573 [86 P.2d 345, 120 A.L.R. 786].) In the case of *Goossen* v. *Clifton,* 75 Cal.App.2d 44 [170 P.2d 104], that rule was held to apply to causes of action based on contracts. The court therein stated at page 49: "This brings us to the specific problem here involved—when a plaintiff joins in one complaint two causes of action based on contract, in one of which defendants are entitled to a change of venue, and in one of

which they are not, what are the rights of the respective parties? Neither counsel has referred us to any case, and we have found none, involving two contract actions. This is probably because the exception providing for trying the action where the contract was entered into or to be performed, found in section 395, was added as of a relatively recent date. Prior to the amendment all contract actions, being personal in nature, were triable in the county of defendant's residence. But although there seem to be no contract cases directly in point, there are many cases, other than contract cases, holding that if a plaintiff unites in one complaint two causes of action, in one of which the defendant has the right to have it tried in the county of his residence, in the other of which he is [sic] not, the defendant is entitled to have the cause tried in the county of his residence. . . .

"The rule is fundamental. The important right to protect is that of the defendant to have the cause tried in the county of his residence. For the plaintiff to be entitled to the exceptional right of having the cause tried in some other county, he must clearly bring himself within a statutory exception. If, by joining several causes of action, the defendant could be deprived of his right, the right would be lost in many cases. It is for that reason that the courts hold that the test is whether on any one of the causes of action the defendant is entitled to a change to the county of his residence. If there is one such cause, then defendant is entitled to the change no matter how many other causes may be set forth in which he is not entitled to the change."

▮ Appellant contends also that the affidavits filed by defendants were insufficient, under section 395 of the Code of Civil Procedure, because they contained only conclusions of law with respect to the place where the contract was made and where it was to be performed. Section 395 of the Code of Civil Procedure provides in part as follows: "When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary."

The evidence supported the implied findings that the alleged obligation was incurred in San Francisco, and that the contract was entered into in San Francisco. It "shall be deemed," under the provisions of said section 395, that the contract was also to be performed there (where it was incurred), since there was no special contract in writing to the contrary. There was no allegation in the complaint as to the place where the obligation was incurred or where the contract was entered into, or where it was to be performed; and there was no allegation therein, as to the circumstances of the transaction, from which those matters could be determined. In the first and fourth causes of action of the complaint it was merely alleged, as to those matters, that in Los Angeles County defendants "were indebted" to plaintiff. In the second and third causes of action there was no allegation at all concerning those matters. Both affidavits filed by defendant Gilbert stated, as above shown, that the contract was to be performed in San Francisco, in that, the alleged obligation was incurred there, and that the contract was "in fact" entered into there. Plaintiff stated in his affidavit in opposition to the motion that the "sales" upon which the action is based were made in Los Angeles; that all sales were made "f.o.b." Los Angeles, and title to the merchandise was transferred in Los Angeles; and that the money was to be paid in Los Angeles. The statements in the affidavits of defendant Gilbert regarding the place where the obligation was incurred, was entered into, and was to be performed, were statements of ultimate facts. Likewise, the statements in plaintiff's opposing affidavit, concerning that subject, to the effect that the sales were made in Los Angeles, that title passed in Los Angeles, and that the money was to be paid in Los Angeles, were statements of ultimate facts. In other words, it appears that the complaint does not allege where the contract was made or where it was to be performed; and that the statements in the affidavits of defendant Gilbert and of the plaintiff, regarding the place where the obligation was incurred, entered into, and was to be performed, are statements of ultimate facts. In a proceeding of this kind the evidence may be presented in the form of affidavits, and in this case the affidavits constituted all the evidence. If evidentiary facts, supporting those statements of ultimate facts, had been stated, there would have been a more satisfactory basis upon which to determine the issues, presented on this motion, as to where the contract was made

and was to be performed. The evidence was, as above stated, the affidavits which had been filed. The court was required to determine the issues upon that evidence and the allegations of the complaint. It does not appear whether the contract was written or oral. From the statement in the affidavit of defendant Gilbert, that the "contract was *in fact* entered into" in San Francisco (italics added), it could have been inferred, as follows: that if the contract was in writing the parties affixed their signatures to it in San Francisco and delivered it there; or that if it was an oral contract the parties were in San Francisco when it was made. Plaintiff had omitted to allege in his complaint, as above stated, where the contract was made or was to be performed; however, after the defendant Gilbert had filed his affidavit stating that the contract was "in fact" entered into in San Francisco, the plaintiff had an opportunity to state in his opposing affidavit the evidentiary facts, if any, from which it could be concluded that the contract was not made in San Francisco, but was made in Los Angeles. Instead of alleging such evidentiary facts in his opposing affidavit, plaintiff made the general statements, above mentioned, that sales were made in Los Angeles, that sales were f.o.b., Los Angeles, that title passed in Los Angeles, and that the money was to be paid in Los Angeles. Those general statements could be interpreted reasonably to relate to the performing of the contract, rather than the incurring of it. Even if "sales" were made in Los Angeles, and if sales were "f.o.b." Los Angeles, and if title to the merchandise passed in Los Angeles, as asserted by plaintiff, those incidents are not inconsistent with the fact, if it be a fact, that the obligation was incurred in San Francisco. As above stated, under the statute, the place where the obligation is incurred "shall be deemed" to be the place where it is to be performed, unless there is a special contract in writing to the contrary. There was no such special contract here. " 'A pleader is required to frame his complaint in such a way as to make it clear that he is entitled to retain the cause in the county in which the action is commenced.' " (*Konnoff* v. *Fraser,* 62 Cal.App.2d 788, 792 [145 P.2d 368].) " [A]s error is not presumed, and all intendments are in favor of the action of the lower court, it follows that the affidavits in behalf of the successful party are to be deemed to establish not only the facts directly stated therein, but also all facts which may reasonably be *inferred* or presumed from the direct and pos-

itive statements." (Italics added.) (*Doak* v. *Bruson*, 152 Cal. 17, 19 [91 P. 1001] ; *Modine* v. *Modine*, 123 Cal.App. 67, 69 [10 P.2d 776].) In the case of *Modine* v. *Modine, supra*, the action for divorce was commenced in Fresno County, and defendant made a motion for change of venue on the ground that she resided in Alameda County. Defendant's affidavit therein in support of her motion stated that defendant resided in Alameda County at the time of the commencement of the action. Plaintiff's affidavit in opposition to the motion stated that the legal residence of defendant has at all times been in Fresno County. The court therein said (p. 69) that the only showing made by defendant as to her residence was the "bald statement" that she resided in Alameda County, and that opposed to her declaration was the "equally bald statement" in plaintiff's affidavit that her legal residence was in Fresno County. The court said further (p. 69) : "In support of the trial court's order denying defendant's motion for change of place of trial, it must be assumed that the court found from the slender evidence presented that defendant's residence was not, as she declared, in Alameda County and since there was some evidence to support such a finding it may not be disturbed." A ruling of a trial court "upon issues of fact raised by conflicting affidavits is entitled, upon appeal, to the same weight as a finding on conflicting evidence as to issues of fact." (*Rench* v. *Harris*, 76 Cal.App.2d 113, 118 [172 P.2d 576].) "[A]ll conflicts must be resolved in favor of the prevailing party . . . and all reasonable *inferences* which are to be drawn must be in support of the trial court's order." (Italics added.) (*Parker Co., Inc.* v. *Exeter Refining Co.*, 26 Cal.App.2d 610, 611 [79 P.2d 1114].)

It will be noticed that defendant Stone took no part in the proceeding, by opposing the motion or otherwise. No question as to his right to have the action retained for trial in Los Angeles County as against the right of the other defendants to have it transferred to the city and county of San Francisco was involved or decided.

The order is affirmed.

Shinn, Acting P. J., and Vallée, J. pro tem., concurred.