[Civ. No. 14407. First Dist., Div. One. Dec. 27, 1950.]

CROFTS & ANDERSON (a Corporation), Appellant, v. C. E. JOHNSON et al., Respondents.

Edward N. Jackson and Paul M. Hupf for Appellant.

Gordon Johnson, Max Thelen, Jr., and Thelen, Marrin, Johnson & Bridges for Respondents.

BRAY, J.—Plaintiff appeals from an order granting a change of place of trial from Alameda County to Humboldt County.

## Questions Presented

(1) Is there evidence to support the court's implied finding that the account was not stated in Alameda County; and (2) in passing on a motion for change of place of trial in an action on an account stated, may the court consider the original contract out of which the account was stated?

## Facts

There are two causes of action in the complaint filed in Alameda County: (1) a book account for goods, wares and merchandise; and (2) an account stated. Defendant Johnson, at the time of demurring, filed a notice of motion for change of place of trial on the ground of residence in Humboldt County, accompanied by his affidavit which, after averring the usual matters in an affidavit of merits, averred that he was a resident of Humboldt County and that he did not become indebted to plaintiff or contract to purchase the goods, wares and merchandise referred to in the complaint in Alameda County, nor was any indebtedness incurred or account stated there. Plaintiff filed the affidavit of one Gronwall, the vice-president of Edward F. Hale Co., plaintiff's assignor, stating that its head office was at Hayward; that one of its salesmen solicited orders from defendants subject to acceptance at the home office; that the orders were accepted there by affiant, and that the obligation to pay was actually entered into at Hayward; that statements were mailed to defendants from and payable only at Hayward.

## Sufficiency of the Evidence

Section 395 of the Code of Civil Procedure provides in effect that actions arising on contract may be tried in the county in which the defendant resides, or in which the contract is made or is to be performed. "The general rule is that a defendant is entitled to have actions tried in the county of his residence. The right of the plaintiff to have the action tried elsewhere is the exceptional right, and must find its justification in the terms of some statute. It is the duty of a plaintiff to bring himself within some exception if he can— . . ." (*Goosen* v. *Clifton*, 75 Cal.App.2d 44, 47 [170 P.2d 104].)

The complaint and these two affidavits were the only evidence before the court. The complaint alleged that defendant became indebted on the book account at Hayward. However, the rule is that if a defendant is entitled to change of

venue upon one contractual cause of action in a complaint, he may not be deprived of that right because plaintiff included other causes of action upon which defendant would not be entitled to a change. (*Goosen* v. *Clifton, supra* [75 Cal.App.2d 44].) Plaintiff does not challenge this rule. Assuming that under the book account cause of action, defendant is not entitled to a change of venue, it appears that under the account stated count, he is entitled to such change. ▪ The complaint alleged that the account was stated at Hayward. When the complaint is used as an affidavit such statement is a conclusion and is no stronger than the facts averred to support it. (See *Baird* v. *Smith*, 21 Cal.App.2d 221 [68 P.2d 979] ; *Moon* v. *Moon*, 62 Cal.App.2d 185 [144 P.2d 596].) See also *California Bean G. Assn.* v. *Fuller Co., Inc.*, 78 Cal.App. 522 [248 P. 967], where the court held that the statement ''That said contract was made . . . in the county of Santa Barbara . . .'' was but the conclusion of the affiant. There are no *facts* averred in the complaint on the subject. ▪ In the affidavit the only fact alleged as to the account stated is that statements were mailed to defendant from and payable only at Hayward. Defendant flatly denies this. Thus, at best, there was a conflict of evidence between the facts averred by the plaintiff in its complaint and affidavit, and those averred by the defendant in his affidavit. Therefore, we are not permitted to disturb the action of the trial court. (*Carnation Co.* v. *El Rey Cheese Co.*, 88 Cal.App.2d 857 [200 P.2d 19] ; *Rench* v. *Harris*, 76 Cal.App.2d 113 [172 P.2d 576].) Of course, ''all conflicts must be resolved in favor of the prevailing party . . . and all reasonable inferences which are to be drawn must be in support of the trial court's order.'' (*Parker Co., Inc.* v. *Exeter Refining Co.*, 26 Cal.App.2d 610-611 [79 P.2d 1114].)

▪ Moreover, to constitute an account stated there must be something more than a showing that a statement setting forth the account is sent the debtor. There must be an admission of the correctness of that account by the debtor either directly or by acquiescence. So far as the evidence to date is concerned, there is no showing that defendant admitted the account in either way. So, there is no evidence before the court as to where, if at all, the account actually was stated. Therefore, the court could not determine that as to the account stated Alameda County was the county in which the contract was made or was to be performed. (Code Civ. Proc., § 395.)

CAN THE ORIGINAL CONTRACT BE CONSIDERED?

█ Plaintiff contends that the contract to be considered here is the original one, that is, the order for goods, wares and merchandise, given the salesman to be accepted and actually accepted at Hayward. Defendant has not denied these facts. This contention, however, overlooks the fact that " 'An account stated alters the nature of the original indebtedness, and is in itself in the nature of a new promise or undertaking. . . . An action on an account stated is not founded upon the original items, but upon the balance ascertained by the mutual consent of the parties.' " (*Hallford* v. *Baird*, 27 Cal.App.2d 384, 389 [80 P.2d 1040].) █ Thus, as there is a new contract pleaded in the complaint, the court may not, for venue purposes, look to the old contract.

█ While it is true that to constitute an account stated there must have been a preexisting indebtedness " '. . . since such indebtedness constitutes the consideration upon which the new contract is based' " (*Block* v. *D. W. Nicholson Corp.*, 77 Cal.App.2d 739, 746 [176 P.2d 739]) the account stated is a *new* contract. "An account stated constitutes a new contract which supersedes the original contract." (*Jones* v. *Wilton*, 10 Cal.2d 493, 498 [75 P.2d 593].) In *Swim* v. *Juhl*, 72 Cal. App. 363 [237 P. 552], cited by plaintiff, it was held that an account stated could not be based upon a prior indebtedness which was void because of the statute of frauds. This was merely applying the well settled rule that an account stated cannot create a liability where none existed before. *Slaughter* v. *Meroff*, 93 Cal.App.2d 146 [208 P.2d 712], cited by plaintiff, is so fragmentary as to facts as to be of no value here. The question we are considering was not discussed, nor can it be determined whether or not the account was stated in the county of the defendant's residence. The fact that the court must, in an action on an account stated, inquire into the antecedent facts to determine whether there was a preexisting liability in no way changes the fact that, if an account is stated on that preexisting liability, the stating of such account is not the old contract but a new one.

The order is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.