[Civ. No. 4074. Fourth Dist. Feb. 28, 1951.]

FRESNO CREDIT BUREAU, Respondent, v. A. J. BATTEATE, Appellant.

546

Lafayette J. Smallpage and Harold J. Willis for Appellant.

Barstow & Barstow and James H. Barstow for Respondent.

MUSSELL, J.—The instant action, filed July 26, 1949, was brought by plaintiff as assignee of Soil Mineral Corporation to recover the purchase price of. 72½ tons of soil mineral sold to defendant and delivered to him at his ranch at Farmington. It was alleged in the complaint "that within the four years last past, defendant became indebted to the Soil Mineral Corporation upon an open book account for goods, wares and merchandise sold at the special instance and request of defendant in the sum of $4,060.00. That although requested, defendant has failed, refused and neglected to pay said sum or any part thereof, and the whole thereof is due, owing and unpaid."

The trial court rendered judgment for plaintiff and defendant appeals, contending that the evidence is insufficient to support the finding that there was an open book account. The argument advanced is that the proof was of an express contract relating to a single, isolated transaction and that the proof of such an express contract will not support findings of an open book account. This argument is without merit.

There is substantial evidence that in July, 1948, a salesman and officer of the Soil Mineral Corporation called upon the defendant at his ranch for the purpose of selling a quantity of soil minerals; that defendant ordered 72½ tons of the product for application to his crops and agreed to pay the sum of $4,060 therefor; that defendant promised a substantial payment on the purchase price within 30 days and regular installment payments thereafter; that the original purchase order indicated that the defendant agreed to pay $1,000 on the following day and the balance monthly; that upon receipt by the corporation of the order, its secretary entered the transaction upon the books of the corporation on a ledger sheet carrying the defendant's name, in which the defendant was charged with the merchandise delivered in the sum of $4,060; that the materials were delivered as ordered and that the defendant failed to pay the purchase price or any part thereof.

The evidence was sufficient to support a judgment upon the cause of action based on an open book account or upon an implied contract and, as was said in *Hansen* v. *Burford*, 212 Cal. 100, 107 [297 P. 908]:

"The distinction, as a matter of pleading, between a book

account and an ordinary contract debt not founded on a writing is only important when, as in *Wright* v. *Loaiza,* 177 Cal. 605 [171 P. 311], the statute of limitations is involved and where the question arises whether suit may be commenced within four years, or must be begun within two years after the cause of action has accrued. In the present case, all the transactions were had within two years before the complaint was filed. In these circumstances the distinction between pleading a book account and pleading an indebtedness, generally, seems to us inconsequential.''.

In the instant case, the transactions were had within two years before the complaint was filed. The evidence is that the defendant promised to make a substantial payment on the account within 30 days and regular monthly payments thereafter. Under these conditions, it is apparent that the account, although opened with a total charge would thereafter contain other items if, as and when future payments were made. The evidence also indicates that the materials were not all delivered at one time and that the total of the separate deliveries was made under one entry.

As was stated in *Mercantile Trust Co.* v. *Doe,* 26 Cal.App. 246, 253 [146 P. 692]:

''In 1 Ruling Case Law, page 207, it is said: 'The expression ''outstanding and open account'' has a well-defined and well-understood meaning. In legal and commercial transactions it is an unsettled debt arising from items of work and labor, goods sold and delivered, and other open transactions, not reduced to writing, and subject to future settlement and adjustment. It is usually disclosed by the account books of the owner of the demand, and does not include express contracts or obligations which have been reduced to writing, such as bonds, bills of exchange, or promissory notes.'

''In 1 Ency. of Law and Pleading, page 363, it is stated: 'An open account is one which is continuous or current, uninterrupted or unclosed by settlement or otherwise, consisting of a series of transactions; also one in which some item in the contract is left open and undetermined by the parties, in which sense it may exist whether there be but one item or many.' ''

A review of the record shows that there was ample evidence to support the findings and judgment of the trial court.

Judgment affirmed.

Griffin, Acting P. J., concurred.