[Civ. No. 14735. First Dist., Div. One. Oct. 11, 1951.]

S. TRINGALI, Respondent, v. GERALD VEST, Appellant.

Ralph Leon Isaacs and Ivores R. Dains for Appellant.

Hudson, Martin, Ferrente & Street and Charles R. Barrett for Respondent.

PETERS, P. J.—Plaintiff filed a complaint against defendant in Monterey County. The complaint alleges that plaintiff has its offices in Monterey County, and that defendant is engaged in business in San Francisco, and sets forth two causes of action, one for a balance due upon a mutual, open and current account, the other for a balance due upon an account stated. Defendant moved for a change of venue to San Francisco, the county of his residence. The motion was denied, and defendant appeals.

■ The motion for a change of venue should have been granted. The first cause of action properly alleges a cause of action arising in Monterey County for the balance due upon a mutual, open and current account. The second count for the balance due upon an account stated fails to allege that the account was stated in Monterey County. In fact, this count fails to allege where the claimed account was stated.

■ We are concerned only with this second cause of action. The fact that the first cause alleges sufficient facts to warrant bringing the action in Monterey County is immaterial. If on one of the causes of action alleged the defendant is entitled to a change of venue, such change must be granted regardless of how many other causes of action are set forth in which defendant is not entitled to a change. (*Goossen* v. *Clifton,* 75 Cal.App.2d 44 [170 P.2d 104] ; *Crofts & Anderson* v. *Johnson,* 101 Cal.App.2d 418 [225 P.2d 594].) This principle of law is not challenged by the parties.

The second count alleges in Paragraph II: ''That within the four (4) years last past, and prior to the commencement of this action, defendant became indebted to the plaintiff on a balance of account for fish before that time sold and delivered in the sum of $2,529.37 ; and that defendant being so indebted as aforesaid, there was an account stated between plaintiff and defendant on or about February 17, 1950, upon which statement a balance was found to be due plaintiff from defendant in the sum of $2,529.37.''

This is the key allegation. It will be noted that it fails to allege where the account was stated. It was apparently the thought of the trial judge and the pleader that this deficiency was cured by the allegations of Paragraph III of the second count. It is there alleged ''That the items of the account referred to in Paragraph II above represent sales of fish and fish products by plaintiff to defendant; that said sales [were] contracted for orally and expressly and also impliedly by defendant at the offices of the Monterey Fish Company in

Monterey County, California; that said fish were sold and delivered and payment therefore [sic] was to be made at the offices and place of business of the said Monterey Fish Company located in Monterey County. . . ."

Attached to the complaint, as Exhibit A, is a statement setting out in detail the charges and credits between the parties showing the balance prayed for in the complaint, but this exhibit is not made a part of the second cause of action.

The applicable venue section is section 395 of the Code of Civil Procedure. So far as pertinent here, it provides: "(1) In all other cases, except as in this section otherwise provided, and subject to the power of the court to transfer actions or proceedings as provided in this title, the county in which the defendants, or some of them, reside at the commencement of the action, is the proper county for the trial of the action. . . . When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary. . . ."

As already pointed out, in the second count of the complaint the plaintiff has failed to allege where the account was stated. It is true that in Paragraph III of that count he refers to the contract underlying the account stated, but those allegations are not sufficient to supply the deficiency. This was the precise holding in *Crofts & Anderson* v. *Johnson,* 101 Cal.App. 2d 418 [225 P.2d 594]. In that case the court stated (p. 421):

"Moreover, to constitute an account stated there must be something more than a showing that a statement setting forth the account is sent the debtor. There must be an admission of the correctness of that account by the debtor either directly or by acquiescence. So far as the evidence to date is concerned, there is no showing that defendant admitted the account in either way. So, there is no evidence before the court as to where, if at all, the account actually was stated. Therefore, the court could not determine that as to the account stated Alameda County was the county in which the contract was made or was to be performed. (Code Civ. Proc., § 395.) . . .

"Plaintiff contends that the contract to be considered here is the original one, that is, the order for goods, wares and merchandise, given the salesman to be accepted and actually accepted at Hayward. Defendant has not denied these facts. This contention, however, overlooks the fact that ' "An account stated alters the nature of the original indebtedness, and is in itself in the nature of a new promise or undertaking. . . . An action on an account stated is not founded upon the original items, but upon the balance ascertained by the mutual consent of the parties." ' (*Hallford* v. *Baird,* 27 Cal.App.2d 384, 389 [80 P.2d 1040].) Thus, as there is a new contract pleaded in the complaint, the court may not, for venue purposes, look to the old contract.

"While it is true that to constitute an account stated there must have been a preexisting indebtedness ' " . . . since such indebtedness constitutes the consideration upon which the new contract is based" ' (*Block* v. *D. W. Nicholson Corp.,* 77 Cal.App.2d 739, 746 [176 P.2d 739]) the account stated is a *new* contract. 'An account stated constitutes a new contract which supersedes the original contract.' (*Jones* v. *Wilton,* 10 Cal.2d 493, 498 [75 P.2d 593].) In *Swim* v. *Juhl,* 72 Cal.App. 363 [237 P. 552], cited by plaintiff, it was held that an account stated could not be based upon a prior indebtedness which was void because of the statute of frauds. This was merely applying the well settled rule that an account stated cannot create a liability where none existed before. *Slaughter* v. *Meroff,* 93 Cal.App.2d 146 [208 P.2d 712], cited by plaintiff, is so fragmentary as to facts as to be of no value here. The question we are considering was not discussed, nor can it be determined whether or not the account was stated in the county of the defendant's residence. The fact that the court must, in an action on an account stated, inquire into the antecedent facts to determine whether there was a preexisting liability in no way changes the fact that, if an account is stated on that preexisting liability, the stating of such account is not the old contract but a new one."

This holding is decisive here, and compels a reversal. It should be mentioned that the order denying the motion for the change of venue was made in August, 1950, and the Crofts & Anderson case was not decided until December of 1950, so that the pleader and the trial court did not have the benefit of that decision at the time the pleading was drafted or the motion passed upon.

■ Respondent attacks as being fatally defective the affidavit filed by Vest in support of his motion for change of venue on the ground that it contains nothing more than opinions and conclusions of law. This attack is not justified. The affidavit avers that defendant is a resident of San Francisco; that "if any cause of action exists in this cause against defendant, the same arose in the City and County of San Francisco, State of California; . . . that no part of any of the fish or fish products alleged to have been sold and delivered by plaintiff to defendant were ever sold and delivered or sold or delivered to defendant at the offices of the Monterey Fish Company, . . . but in this regard affiant further states that all sales and all deliveries of fish and fish products, if any, were made by plaintiff to defendant at defendant's place of business . . . San Francisco"; that affiant "never at any time agreed to pay to plaintiff at their offices or place of business in Monterey County, California, the sum of $2,529.37 or any sum or sums whatsoever" that affiant "never entered into any contract with plaintiff in the County of Monterey, State of California, for the sale, purchase or delivery of fish or fish products . . . alleged in" the complaint; that affiant "never agreed to perform the obligations sued upon" in Monterey County; that if any obligation to pay was incurred, such obligation arose in San Francisco, where the delivery and sale of the products were made; and that affiant has never made a special contract in writing with plaintiff to perform or pay the obligation sued upon. No counteraffidavit was filed by plaintiff.

This affidavit is sufficient. The basic allegations are of ultimate facts and not of conclusions. This is all that is required. (*Hagan* v. *Gilbert*, 83 Cal.App.2d 570 [189 P.2d 548].) The affidavit here is substantially similar to that filed in the Goossen case, and that affidavit was held to be sufficient. (75 Cal.App.2d at p. 46.)

The order denying the motion for change of venue to the City and County of San Francisco is reversed.

Bray, J., and Wood (Fred B.), J., concurred.