[Civ. No. 4440. Fourth Dist. Nov. 25, 1952.]

R. A. ERWIN, Respondent, v. CEE-TEE CONSTRUCTION COMPANY (a Corporation) et al., Appellants.

Albert G. Bergman for Appellants.

Martin C. Casey and John W. Kerrigan for Respondent.

GRIFFIN, J.—At the time of the filing of the complaint in this action for damages for breach of a contract and for "damage to his credit rating and business reputation," claimed due under the first count, and for money claimed to be due under the second count, upon an account stated, plaintiff's residence and principal place of business was in the county of San Bernardino. The individual defendants lived in Los Angeles County and had their principal place of business in that county. Plaintiff, together with defendant corporations Cee-Tee Construction Company, Consumers Transportation Corporation, Consumers Holding Company, alleged to be the *alter ego* of the individual defendants, and the individuals D. M. Patritti and M. Patritti, formed a joint venture among themselves in which it was designated that the principal place of their business under the joint venture would be at Puente, Los Angeles County. The purpose of

the joint venture was to complete a certain state highway construction project in Imperial County. The details of this joint venture are set forth in a certain written contract marked as Exhibit A, attached to the complaint. All defendants were served with process in Los Angeles County.

On January 10, 1948, due to disagreements, the parties executed another written contract (Exhibit C) whereby defendants took over the completion of the original contract (Exhibit A). Defendants thereby agreed to refund plaintiff certain cash advanced by him, to repay invoices paid by plaintiff, and among other things agreed to pay certain profits due under the original contract up to April, 1948.

Defendants moved for a change of venue to Los Angeles County. They filed affidavits in support of the motion, as well as an affidavit of merits. In these affidavits they recite that each of the defendant corporations who were served with process in Los Angeles County were at all times prior to the commencement of the action and ever since have been and now are residing and conducting business in that county. They specifically relate that they deny each and every allegation of the complaint set forth in both counts, and affirmatively allege that at all times referred to in plaintiff's complaint "each, all and every transaction had, made or entered into or consummated with plaintiff by said corporations" and the defendants "individually, and all agreements and/or oral contracts made between" defendants "individually and said corporations were, actually, and in fact entered into, consummated and/or concluded at and while said parties were in the County of Los Angeles. . . . That at the time of the making of any and/or all agreements and/or oral contracts between the parties hereto, said parties further agreed that the same were to be performed and that any obligation, express or implied, arising therefrom, and *all sums* or amounts, if any, to become due or payable thereunder to plaintiff, were to be paid to him at the place of business of said defendant corporations. . . ." in the county of Los Angeles.

It is quite apparent under the showing made by the defendants that the cause should have been transferred to the county of Los Angeles. ■ A defendant is generally entitled to have an action tried in the county of his residence, and if the plaintiff would have an action tried elsewhere he must bring himself within the provisions of some express statute. ■ Actions on contract, except as provided by

Code of Civil Procedure section 395, are personal actions triable in the county of defendant's residence. (*Goossen* v. *Clifton,* 75 Cal.App.2d 44 [170 P.2d 104].) The exceptions provided by section 395 are that: "When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary."

Plaintiff filed no counteraffidavits in opposition to the affidavits presented by defendants, but relies solely upon the general allegations of the complaint to bring him within these exceptions. We will therefore examine the complaint to determine whether he has brought himself within these exceptions. There is no allegation in the complaint that the contract (Exhibit A) was *in fact* entered into in San Bernardino County, or that the obligation was incurred therein. The contract itself is silent as to the place where it was executed and as to where the obligation was incurred. It does recite that the principal place of business of the joint venture was to be at Puente, Los Angeles County, California, that the work to be performed was in Imperial County, and that each of the joint venturers would share equally in the net profits, distribution to be made upon completion of the final audit.

The complaint then recites that the parties entered into the joint venture; that a disagreement arose and that on January 10, 1948, they entered into the written contract (Exhibit C); that defendants agreed to pay plaintiff the sums set forth in certain paragraphs of that contract and to release plaintiff from liability under the joint venture agreement; that under contract (Exhibit A) plaintiff was obligated to deposit certain money with a bonding company as collateral; that funds received from the State of California as periodic payments by reason of the "State Job" were continued to be deposited in trust in Puente in the joint venture account, and paid out solely by plaintiff and one of the defendants; that at the time the parties executed the contract (Exhibit C) it was further orally agreed that notwithstanding the termination

of the joint venture agreement, plaintiff would continue to furnish rental material and equipment thereafter and that defendants would pay plaintiff the same customary rate upon plaintiff's submitting invoices therefor, as mentioned in paragraph 2 of the contract (Exhibit C). It was then alleged that plaintiff performed his part of the agreement and defendants failed to perform theirs in certain particulars, i.e., that defendants failed to pay for certain rental of the material and equipment, and refused and failed to deposit funds received from the state to pay the obligations of the joint venture, and plaintiff was obliged to forfeit the cash collaterally deposited with the bonding company, which amount the defendants had agreed to assume and pay under said agreement; that plaintiff was obligated to defend numerous lawsuits and incurred attorneys' fees and expenses, to plaintiff's damage in the sum of $75,000; that defendants failed to pay the interest on the Riverside, bank loan and plaintiff was accordingly damaged in the sum of $4,812.50; that they failed and refused to pay plaintiff $7,500 as agreed in contract (Exhibit C), and then he adds the additional claim that by reason of the facts set forth plaintiff suffered serious injury and damage to his *credit rating and business reputation*, to the extent of $100,000. The general prayer, after deducting certain credits, was for $182,334.78.

As a second and separate cause of action, plaintiff alleges, without stating the place, that on the 20th day of April, 1950, "a written account was stated by and between the plaintiff and the defendants by which there was ascertained to be due and owing to the plaintiff from the defendants a balance of $37,670.36, payable to the plaintiff at his place of business in the County of San Bernardino"; and that no part thereof had been paid. Judgment was sought on the first cause of action in the amount indicated and on the second cause of action in the amount suggested therein. It is upon these allegations that plaintiff claims he has brought himself within the exceptions and he rests solely upon them.

As to the execution of the original contract (Exhibit A), it is apparent from the showing made that the obligations therein set forth were to be performed in Imperial County and in Los Angeles County; that the contract was entered into in Los Angeles County, and that the obligation was incurred therein, and at the time the defendants were residents of that county and the corporations were doing business therein. The only possible statement in plaintiff's

complaint which would indicate otherwise in reference to the contract (Exhibit C) is that "said contract 'C' entered into between the parties was further executed *in part* in said County of San Bernardino," (italics ours) and that "the aforesaid obligations of the defendants as set forth in the aforesaid contract 'C' and particularly, the payments due and owing to the plaintiff by reason thereof were all to be performed in the county of San Bernardino . . . and all such payments were to be paid to the plaintiff at his place of business located in said San Bernardino County, and it was so verbally agreed at the time said contract was executed. . . ." The allegation that contract (Exhibit C) was executed "in part" in the county of San Bernardino is not a sufficient allegation to bring plaintiff within the exception provided by section 395 of the Code of Civil Procedure, which recites that it may be in the county "in which the contract in fact was entered into." The allegation is but a mere conclusion and is in effect an admission that a part of the contract was not executed in that county. The affidavits of the defendants positively state that it was executed in Los Angeles County *in toto* and accordingly, without any more showing on the part of the plaintiff, the court should have accepted defendants' statement in this respect as true. (*California Bean Growers' Assn.* v. *C. H. & O. B. Fuller Co., Inc.*, 78 Cal.App. 522 [248 P. 967]; *Gas Appliance Sales Co.* v. *W. B. Bastian Mfg. Co.*, 87 Cal.App. 301 [262 P. 452]; *Hagan* v. *Gilbert*, 83 Cal.App.2d 570 [189 P.2d 548]; *Wilson* v. *Hoffman*, 81 Cal.App.2d 664 [184 P.2d 951]; *Tringali* v. *Vest*, 106 Cal.App.2d 720 [236 P.2d 171]; *Crofts & Anderson* v. *Johnson*, 101 Cal.App.2d 418 [225 P.2d 594]; *Claycomb* v. *Caronna*, 113 Cal.App.2d 561 [248 P.2d 779].)

It therefore affirmatively appears that the obligation was incurred in the county of Los Angeles, and under section 395 of the Code of Civil Procedure such county shall be deemed to be the county in which it was to be performed, unless there is a *special contract in writing to the contrary.* Plaintiff does not allege any such special contract but relies upon the bare allegation that according to some *verbal agreement* the obligations of defendants, as set forth in contract (Exhibit C), and particularly the payments due and owing, were to be performed in San Bernardino County and were to be paid to plaintiff at that place. Under the section this is not a sufficient showing that the obligations

were to be performed in that county. It would be difficult to hold that the defendants verbally agreed to make the payments to plaintiff in San Bernardino County for the amounts set forth in contract (Exhibit C), and include therein $100,000 damages sought for injury to credit rating and business reputation. We conclude, as to the individuals at least, that by the pleadings in plaintiff's complaint, in view of the affidavits filed by the defendants, he did not bring himself within the exceptions provided for nor, as against the corporations, was the county of San Bernardino the proper place of trial under article XII, section 16 of the Constitution. The individual defendants having established the right to trial in the county of their residence, the action must accordingly be transferred to that county. ■ By including in an action other defendants, whose residences are outside of the county in which the action is brought, the plaintiff waives the right given by the Constitution and the motion of the defendants for the change of the place of trial must be determined by the provisions of the statute. (*Brady* v. *Times-Mirror Co.*, 106 Cal. 56 [39 P. 209]; *Liera* v. *Los Angeles Finance Co.*, 99 Cal.App.2d 254 [221 P.2d 737].)

■ As to the second cause of action, plaintiff does not allege that an account was stated in San Bernardino County, by and between the plaintiff and the defendants. Under the holding in *Tringali* v. *Vest, supra,* such an allegation is essential unless plaintiff brought himself within the exception stated. (See, also, *Crofts & Anderson* v. *Johnson,* 101 Cal. App.2d 418 [225 P.2d 594].) ■ It becomes unnecessary to determine whether the second count, as pleaded, was a local or transition action, in view of the conclusions we have reached as to the first count, since it is well established that if a defendant is entitled to a change of venue on one contractual cause of action, such change must be granted regardless of how many other causes of action are set forth in which the defendant is not entitled to a change. (*Tringali* v. *Vest, supra; Gilman* v. *Nordin,* 112 Cal.App.2d 788 [247 P.2d 394]; *Hagan* v. *Gilbert,* 83 Cal.App.2d 570 [189 P.2d 548]; *Crofts & Anderson* v. *Johnson, supra.*)

The order denying the motion for change of venue is reversed.

Barnard, P. J., and Mussell, J., concurred.