[Civ. No. 745.    Fifth Dist.    Jan. 31, 1967.]

J. EARL GARRETT, Jr., Petitioner, v. THE SUPERIOR COURT OF KINGS COUNTY, Respondent; ARM-STRONG RUBBER COMPANY et al., Real Parties in Interest.

Wittman, Tingler & Schmidt and William A. Wittman for Petitioner.

No appearance for Respondent.

Paul, Hastings, Janofsky & Walker, Robert G. Lane, Sharp, Sharp & Maroot and K. Phillip Maroot for Real Parties in Interest.

CONLEY, P. J.—Utilizing the current means provided by section 400 of the Code of Civil Procedure to test the propriety of the order of the trial court, the defendant in action No. 18187, pending in Kings County, entitled "The Armstrong Rubber Company v. J. Earl Garrett, Jr., doing business as Jaybird Auto Center & Car Wash," filed a petition for a writ of mandate to require the Kings County Superior Court to grant his application for a transfer of the case to his home county of Orange. (*Henson* v. *Superior Court,* 218 Cal.App.2d 327 [32 Cal.Rptr. 404] ; *Cal-Ore Lumber Sales* v. *Russell,* 133 Cal.App.2d 296 [284 P.2d 179].) The petitioner urges two grounds for this relief saying that :

1) The plaintiff sued in the wrong county (Code Civ. Proc. § 395), and

2) The trial court abused its discretion in not ordering the change of venue for the convenience of witnesses and the furtherance of justice. (Code Civ. Proc. § 397, subd. 3.) In this latter connection, instead of demurring to the complaint, the petitioner filed an answer as his first appearance in the Kings County action, concurrently with the petition for a change of venue, an affidavit of merits, and a supporting declaration of fact. It is our conclusion that the court below should have granted the motion for a change of venue on both grounds.

First, the petitioner urges that venue should have been removed to Orange County by virtue of the facts established

in the declarations and the provisions of section 395 of the Code of Civil Procedure, which, in applicable part, are as follows: "(1) In all other cases, except as in this section otherwise provided, and subject to the power of the court to transfer actions or proceedings as provided in this title, the county in which the defendants, or some of them, reside at the commencement of the action, is the proper county for the trial of the action. . . . When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary."

■ There is no question but that, at the time of the commencement of the action, the defendant resided in the County of Orange. And the general rule is that when a corporate plaintiff desires to bring an action in some county other than that in which a defendant resides, it is its duty to make clear in its complaint that one of the other contingencies above specified does in fact exist so that the venue in a county other than that in which the defendant resides is proper. (*Kaluzok* v. *Brisson,* 27 Cal.2d 760, 763 [167 P.2d 481, 163 A.L.R. 1308].) It is contended, and analysis seems to confirm, that none of the contracts of purchase going to make up the open account, which is the basis for the complaint, was made in the County of Kings, that performance also took place in its entirety in each instance in counties other than Kings, and that there was no special contract in writing relative to the business relationship. In passing, we note that it would have been easy, originally, for the Armstrong Rubber Company to insist upon a special contract for payment in Kings County, but it did not do so.

The suit is on an open account. As is said in 1 California Jurisprudence, Second Edition, Accounts and Accounting, section 5, page 317: "An 'open' account is one which is continuous and current, uninterrupted and unclosed by settlement or otherwise, and in which the inclusion of further transactions between the parties is contemplated." (See also *Mercantile Trust Co.* v. *Doe,* 26 Cal.App. 246 [146 P. 692];

*Fresno Credit Bureau* v. *Batteate,* 102 Cal.App.2d 545 [227 P.2d 851].)

■ The Armstrong Rubber Company is a manufacturer of automotive rubber goods, consisting principally of tires and tubes, and, while its home office and manufacturing plant are in Kings County, it has a widespread system of distribution with warehouses and offices in other parts of the country, including the southern California area. ■ It appears from the declarations filed by the respective parties that, when Mr. Garrett desired to purchase sundry tires and tubes from plaintiff, he preliminarily made application to plaintiff's head office in Hanford for a line of credit and this was favorably passed upon. It cannot be reasonably contended that the initial extension of potential credit to Mr. Garrett was part of any contract; it was simply a preliminary matter which looked to a future relationship between the parties involved, but which did not commit either to any specific purchase. (See *Pacific Nat. Bank* v. *Covington Inv. Co.,* 169 Cal.App.2d 868 [338 P.2d 56].) ■ Thus, we cannot find that the inquiry and notification relative to credit constituted a part of any contract within the meaning of the venue sections. Thereafter, on many occasions, as shown by the account, Mr. Garrett made purchases from the Armstrong Rubber Company, always dealing, in this respect, with its Los Angeles office and taking distribution of purchases in Los Angeles or Orange County. The suit involves numerous specific items of purchase, none of which was sent to the Garrett organization from Hanford; delivery was always made by the southern California offices and warehouses of the Armstrong Rubber Company.

It should be noted that this was not an action on an account stated (*Crofts & Anderson* v. *Johnson,* 101 Cal.App.2d 418 [225 P.2d 594]; *Tringali* v. *Vest,* 106 Cal.App.2d 720 [236 P.2d 171]), but rather on an open account made up of various items of purchases all of which were executed in counties other than Kings County. (*Erwin* v. *Cee-Tee Construction Co.,* 114 Cal.App.2d 364, 368-370 [250 P.2d 287].)

■ As the plaintiff in the case has not shown that any of the special circumstances enumerated in section 395 of the Code of Civil Procedure did in fact exist, there is left only the specification of the county of the defendant's residence to control venue. (*Maxwell* v. *Murray,* 190 Cal.App.2d 440, 442-443 [11 Cal.Rptr. 916]; *Goossen* v. *Clifton,* 75 Cal.App.2d 44

[170 P.2d 104].) The motion to change venue to Orange County should have been granted.

With respect to the court's second error in refusing to change the place of trial, petitioner points out that section 397, subdivision 3, of the Code of Civil Procedure provides that a court may change the venue: "3. When the convenience of witnesses and the ends of justice would be promoted by the change"; and that the moving party listed 10 witnesses who live either in Orange County or within subpoenaing distance therefrom, that it is the desire of the defendant to call the specified witnesses to the stand in support of denials in the answer and the positive allegations of the counterclaim and cross-complaint, and that the Armstrong Rubber Company has not listed any legitimate witnesses whose convenience might be weighed in opposition. Furthermore, the petitioner commits himself in writing to a concession of the accuracy, aside from offsets, of the basic account referred to in the complaint, and emphasizes the fact that any other witness of the defendant mentioned in the proceedings is an employee of the defendant, and, hence, subject to being called in the course of his employment.

While, generally speaking, the resolution of this issue ". . . rests largely in the sound discretion of the trial court and the exercise of that discretion will be reversed only on a clear showing of abuse" (*Flanagan* v. *Flanagan,* 175 Cal.App. 2d 641, 643 [346 P.2d 418]; *J. C. Millett Co.* v. *Latchford-Marble Glass Co.,* 167 Cal.App.2d 218, 224 [334 P.2d 72]), it must first be determined whether sufficient facts have been shown upon which the trial court could base an exercise of discretion. (*Edwards* v. *Pierson,* 156 Cal.App.2d 72, 76 [318 P.2d 789].) And when the applicable affidavits show without conflict that the convenience of witnesses and the ends of justice would be promoted by a change of venue, it is an abuse of discretion to deny the application. (*Willingham* v. *Pecora,* 44 Cal.App.2d 289, 295 [112 P.2d 328]; *E. C. Livingston Co.* v. *Blythe etc. Assn.,* 139 Cal.App.2d 161, 164 [293 P.2d 96]; *Hecker* v. *Ross,* 183 Cal.App.2d 30, 33 [6 Cal.Rptr. 438].)

There is no showing by the Armstrong Rubber Company which would indicate convenience of its witnesses, other than perhaps employees, if the case were retained in Kings County, or that the ends of justice would be promoted by keeping the case there. The ruling is, therefore, erroneous

as an abuse of discretion and must be set aside by this court.

It seems to us to be an inescapable conclusion that the application for a change of venue should have been granted. The essential business complex is one which was initiated and developed in the southern part of the state. Kings County was merely an outpost insofar as the actual daily business relationship between Garrett and the Armstrong Company was concerned, and when the defense by counterclaim and cross-complaint is considered, the business between the parties and with other persons was wholly centered in Los Angeles and Orange Counties. Realistically, as well as technically, a change of venue is called for, and we believe that justice requires that the trial should take place in Orange County.

It is ordered that a peremptory writ of mandate issue, requiring the trial court to set aside the denial of a change of venue, with directions to issue a new order granting the change of venue requested by petitioner herein.

Stone, J., and Gargano, J., concurred.